**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin Patrick McCOURT, Defendant–Appellant.**

No. 89–50143.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1990.

Decided Feb. 25, 1991.

Fred D. Heather, McKenna, Conner & Cuneo, Los Angeles, Cal., for defendant-appellant.

Maurice A. Leiter, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before NORRIS, HALL and RYMER, Circuit Judges.

RYMER, Circuit Judge:

This appeal requires us to decide whether "bad act" or "other crimes" evidence offered by an accused in a criminal case to show that a third party acted in conformity with the prior act and was therefore likely the guilty party is excludable under Fed.R. Evid. 404(b).

Kevin McCourt appeals his conviction on three counts of filing false claims with the government. 18 U.S.C. § 287. His principal defense was that he was the wrong man. As part of that defense, McCourt sought to show that another person, Clinton McDonald, was a good candidate to have committed the crimes of which defendant was accused. The defense also tried to show that the government failed to investigate the case properly, and for ulterior reasons pursued McCourt instead of McDonald. Although McDonald did not testify, the defense sought to use McDonald's prior criminal record (unidentified as to time or crime) to show bias on the part of the case agent and cast doubt on the government's case against McCourt. The district court sustained the government's objection to this evidence on Rule 404(b) grounds. McCourt cites that ruling as error, arguing that Rule 404(b) excludes only prior bad acts of the accused. He also challenges the sufficiency of the evidence. We hold that Rule 404(b) applies to "other crimes, wrongs, or acts" of third parties, and affirm.

I

In March 1987, three United States individual income tax returns bearing McCourt's return address were filed with the Internal Revenue Service. The returns, in the names of Clinton McDonald, Joshua McDonald and Michael Jasper, sought refunds of $16,000. As returns of California taxpayers, they should have been filed at the IRS Service Center in Fresno; instead, the returns were filed at the IRS Service Centers in Memphis, Tennessee, Atlanta, Georgia and Orlando, Florida. All three returns were fraudulent.

On May 1, 1986, McCourt moved into an apartment at 700 South Lyon Street, re-

placing tenant Clinton McDonald who had moved out on January 28, 1986. McCourt still lived at this address at the time the fictitious returns were filed in the spring of 1987. Before moving to South Lyon Street, McCourt worked as a Congressional aide in Florida helping constituents resolve complaints with the IRS. He filed his own 1984 tax return with the IRS Service Center in Atlanta, and filed his 1985 return in Memphis. A forensic documents examiner testified that the bulk of the handwriting and printing on the false returns was McCourt's.

During his opening statement, counsel for defendant indicated that McDonald was a convicted felon. The district court sustained the government's objection and instructed the jury to disregard the comment. As trial proceeded, considerable colloquy occurred about whether defendant could introduce, through his examination of the case agent, McDonald's prior conviction. Defense counsel advanced two theories of admissibility: one, that the agent was biased against McCourt and therefore failed to follow up on information pointing to McDonald; and second, that there was reasonable doubt because the government did not gather as much evidence as it should have, for example, by actually sending tax refund checks to monitor who cashed them. The district court ruled that McDonald's conviction was not admissible under Rule 404(b) because its only relevance would be to prove that he acted in accordance with the prior bad act.

## II

The parties dispute whether application of Rule 404(b) in this case involves a purely legal question of statutory interpretation which we review de novo, *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984), or the traditional exclusion of evidence which we review for an abuse of discretion, *United States v. Feldman*, 788 F.2d 544, 557 (9th Cir.1986), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). It is unnecessary to resolve this question, be-

cause the district court's ruling was correct under either standard of review.

■ The sufficiency of the evidence to support a jury's verdict of guilty is reviewed under a highly deferential standard. We must view the evidence in the light most favorable to the government, and affirm if any rational jury could find the essential elements of the crime beyond a reasonable doubt. *United States v. Adler*, 879 F.2d 491, 495 (9th Cir.1988) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979)).

## III

Whether Rule 404(b) applies to evidence of "other crimes, wrongs, or acts" of a third party is an issue of first impression in this circuit. McCourt argues that our decisions and those in other circuits, as well as the policies behind Rule 404(b), indicate that the rule applies only to prior act evidence of a defendant and not to specific act evidence regarding a third party. The government counters that Rule 404(b) is based on the premise that evidence showing criminal propensity is not relevant and that the rule makes no distinction between defendants and third parties in excluding prior act evidence offered to show criminal disposition.

## A

■ We start with the text of the rule itself. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of *a person* in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(Emphasis added). Thus on its face, Rule 404(b) applies to "a person" and is not limited to the defendant.

As a whole, the rules on character evidence use explicit language in defining to whom they refer. Rule 404(a) establishes the general rule excluding circumstantial

use of character.[1] It provides that evidence of *"a person's"* character is not admissible for the purpose of proving action in conformity therewith except for pertinent character traits of an *"accused,"* Fed. R.Evid. 404(a)(1), a *"victim,"* Fed.R.Evid. 404(a)(2), or a *"witness,"* Fed.R.Evid. 404(a)(3), 607, 608, 609. It therefore appears that Congress knew how to delineate subsets of "persons" when it wanted to, and that it intended "a person" and "an accused" to have different meanings when the Rules speak of one rather than the other. Because Rule 404(b) plainly proscribes other crimes evidence of "a person," it cannot reasonably be construed as extending only to "an accused."[2]

■ This reading is consistent with the scheme of the Rules. Rules 404, 607, 608, and 609 specifically set out what character and misconduct evidence is admissible, and who may introduce it. McCourt's attempted use of McDonald's prior criminal record is not contemplated by these Rules. An accused may introduce evidence of a pertinent trait of his own good character, Fed. R.Evid. 404(a)(1); evidence of a pertinent trait of the character of a victim, Fed.R. Evid. 404(a)(2);[3] and evidence of the character of a witness when pertinent to the witness's trait of truthfulness or untruthfulness, Fed.R.Evid. 404(a)(3), 607, 608, 609; Notes of Advisory Committee on Proposed Rules.[4] Under Rule 404(b), "other crimes" evidence may be offered by any party for a purpose other than proving criminal propensity or conforming conduct.[5] None of these rules permits evi-

---

1. Rule 404(b) is a "specialized but important application of the general rule excluding circumstantial use of character evidence. Consistently with that rule, evidence of other crimes, wrongs, or acts is not admissible to prove character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with it. However, the evidence may be offered for another purpose, such as proof of motive, opportunity, and so on, which does not fall within the prohibition. In this situation the rule does not require that the evidence be excluded." Notes of Advisory Committee on Proposed Rules. If character evidence is admissible under Rule 404, Rules 405, 608, 609, 610 set out the appropriate methods of proof.

2. The commentators agree that Rule 404(b) applies to "other crimes" evidence regarding persons other than defendants. Louisell and Mueller, for instance, remark on the point that "[w]hile the focus of FRE 404(b) is prior acts by the accused, the language is not expressly limited either to criminal cases or to acts by the accused. Thus the principle applies in civil cases as well, and to third-party misconduct too (that is, to conduct of persons other than the accused)." 2 D. Louisell & C. Mueller, *Federal Evidence* § 140, at 175 (rev. ed. 1985) (footnote omitted). Wright and Graham state:

> Whose "crimes, wrongs, or acts" are barred by Rule 404(b)? Although most of the cases involve proof of other acts of a party, Rule 404(b) is not so limited. Therefore, proof of the conduct of a witness, codefendant, or even that of unidentified third persons is prohibited where the evidence is offered to prove their character as a basis for an inference as to their conduct.

22 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5239, at 457–58 (1978) (footnotes omitted). Weinstein also notes that a defendant's use of evidence to show a third

person's character for the inference that this person acted in conformity with his character and committed the crime with which defendant is charged "does not fall within any of the exceptions listed in Rule 404(a), since only the defendant's own character or that of a victim is, at times, permitted despite the propensity inference and yet, this evidence may be highly relevant to defendant's innocence." 2 Weinstein & Berger, *Evidence* ¶ 404[04], at 404–39–40 (1989). Weissenberger's interpretation is the same: "subject to the express exceptions in Rules 404(a)(1) through (3), the prohibition [of Rule 404(a) ] applies to any person, party or non-party, principal actor or minor player," and "the prohibition of the first sentence of Rule 404(b) applies to all parties." Weissenberger, *Federal Evidence* § 404.4, § 404.12, at 80, 88 (1987).

3. By the same token, the Rules permit the prosecution to offer evidence of pertinent traits of an accused only to rebut character evidence by the accused, Fed.R.Evid. 404(a)(1); and it may introduce evidence of a homicide victim's peacefulness to rebut evidence that the victim was the first aggressor, Fed.R.Evid. 404(a)(2).

4. Even though McCourt sought to introduce propensity evidence of a third party who was not a witness, even if McDonald had been a witness the Rules would not have permitted McCourt to show McDonald's propensity toward criminal conduct.

5. "Other crimes" evidence which is relevant to show something other than criminal propensity or conforming conduct is admissible if sufficient proof exists for the jury to find the prior act was committed; the prior act is not too remote in time; and the prior act is offered to prove a material issue in the case. *United States*

dence of prior bad acts when the sole purpose is to show propensity toward criminal conduct. The Rules therefore provide no basis for McCourt's proffered use of propensity evidence of a third party.

## B

 McCourt argues that courts outside the Ninth Circuit have stated that Rule 404(b) does not apply to evidence of prior crimes of persons other than defendants,[6] and that our cases have assumed, without deciding, that it does not apply.[7] While McCourt correctly notes that several opinions "state" that Rule 404(b) applies to acts committed by the defendant, none holds that it applies *only* to the defendant.

Most circuits which have commented on the applicability of Rule 404(b) to prior acts of persons other than the defendant draw on dicta from *United States v. Krezdorn*, 639 F.2d 1327 (5th Cir.1981). Krezdorn was an immigration inspector charged with forging applications for border crossing cards. As part of its case, the government introduced evidence that certain members of a Mexican family paid money to a person named Contreras to obtain their cards. The opinion states that the policies underlying Rule 404(b) are inapplicable "when the evidence will not impugn the defendant's character," and therefore "when extrinsic offense evidence is sought to be introduced against a criminal defendant, in order to trigger the application of Rule 404(b) there must be an allegation that the extrinsic offense was committed by the defendant." 639 F.2d at 1333. However, as the court acknowledges, it had no call to decide whether Rule 404(b) applied since evidence of the monetary payments was admissible in any event to show the existence of a common plan between defendant and Contreras. *Id.*

Other cases which say the same thing involve similar situations, where the government offers evidence that proves the existence of a common plan, not just that someone acted in accordance with his prior actions, and the defendant objects. *See, e.g., United States v. Gonzalez–Sanchez*, 825 F.2d 572, 583 (1st Cir.) (evidence of criminal activities of gang members went to foundation for identification of defendant as counselor for the gang), *cert. denied*, 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987); *United States v. Meester*, 762 F.2d 867, 877 (11th Cir.) (evidence of flights by third person to pick up marijuana showed background of conspiracy and was relevant to prove the existence and purpose of ongoing conspiracies even though acts were not crimes of the defendant), *cert. denied*, 474 U.S. 1024, 106 S.Ct. 579, 88 L.Ed.2d 562 (1985); *United States v. Morano*, 697 F.2d 923, 926 (11th Cir. 1983) (evidence that third party with whom defendant was linked had prior conviction for arson using unusual method showed common plan and modus operandi); *United States v. Edwards*, 696 F.2d 1277, 1280–81 (11th Cir.) (evidence of extrinsic acts of third person showed that that person, with whom defendant was dealing, had knowledge of the drug business and was relevant to show that defendant appreciated the dangers and wanted to impress the third person), *cert. denied*, 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983). In each of these cases, the *government* offered the bad acts evidence respecting a third party to show a relevant, consequential fact other than propensity; and in each, the *defendant* asserted that the evidence was ex-

---

v. Ross, 886 F.2d 264, 267 (9th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1818, 108 L.Ed.2d 947 (1990).

**6.** *See United States v. Gonzalez–Sanchez*, 825 F.2d 572, 583 (1st Cir.), *cert. denied*, 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987); *United States v. Aboumoussallem*, 726 F.2d 906 (2d Cir.1984); *United States v. Morano*, 697 F.2d 923, 926 (11th Cir.1983); *United States v. Edwards*, 696 F.2d 1277 (11th Cir.), *cert. denied*, 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813

(1983); *United States v. Krezdorn*, 639 F.2d 1327 (5th Cir.1981).

**7.** *See United States v. Alfonso*, 759 F.2d 728 (9th Cir.1985); *United States v. Mehrmanesh*, 689 F.2d 822 (9th Cir.1982); *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir.1982); *United States v. Green*, 648 F.2d 587, 592 (9th Cir.1981); *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir.1977); *United States v. Riggins*, 539 F.2d 682, 683 (9th Cir.1976), *cert. denied*, 429 U.S. 1045, 97 S.Ct. 749, 50 L.Ed.2d 758 (1977).

cludable under Rule 404(b). Thus, these cases stand for the unremarkable proposition that evidence of a third party's extrinsic offenses is admissible when relevant to some issue other than propensity, and is not inadmissible under Rule 404(b) because it is not a prior bad act of the defendant which the government is precluded from introducing. They are not persuasive on the point before us.

*United States v. Aboumoussallem,* 726 F.2d 906 (2d Cir.1984), differs in that there, as here, the defendant offered the prior act evidence. Aboumoussallem's defense was that he was unwittingly duped into transporting contraband by his coconspirator cousins. He wished to prove this through evidence that five months before, his cousins similarly had duped another person into transporting hashish from Lebanon into the United States. Unlike this case, however, the defendant offered this evidence, pursuant to Rule 404(b), to show that his cousins had a modus operandi or a common plan to import narcotics from Lebanon using innocent dupes. The evidence of the cousins' modus operandi thus supported an inference that the defendant was an innocent dupe. In this respect *Aboumoussallem* is exemplary of a number of cases in which courts have admitted similar acts evidence offered for defense purposes.[8] *See, e.g., United States v. McClure,* 546 F.2d 670 (5th Cir.1977) (evidence of systematic campaign of threats and intimidation against other persons admissible to show lack of criminal intent of a defendant who claims to have been illegally coerced); *United States v. Robinson,* 544 F.2d 110, 112–13 (2d Cir.1976) (accused bank robber could prove mistaken identity by showing that third person, who resembled the accused, had committed two other bank robberies six days prior to robbery in question), *cert. denied,* 434 U.S. 1050, 98 S.Ct. 901, 54 L.Ed.2d 803 (1978). In each, the

proffered similar acts evidence is relevant to some issue other than propensity and is not inadmissible under Rule 404(b).

Nor do the Ninth Circuit decisions upon which McCourt relies indicate that we have "assumed" that Rule 404(b) applies only to prior acts of the defendant, as he claims. In these cases, the question on appeal was the admissibility of evidence of prior acts of the *defendant. See, e.g., United States v. Alfonso,* 759 F.2d 728, 739 (9th Cir.1985) (in discussing admission of prior acts evidence against defendant, we noted that "[e]vidence of specific wrongful conduct is not admissible to prove the character of a person or to show that he acted in conformity with such alleged character"); *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir.1982) (in drug prosecution, concluding that the district court did not abuse discretion in admitting evidence that defendant had prior conviction for possession of hashish smuggled into country, we stated that "[w]e have uniformly recognized that the rule is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity"); *United States v. Bailleaux,* 685 F.2d 1105, 1109 (9th Cir. 1982) (in case involving use of a conviction against the defendant, we said that evidence of prior criminal conduct is not admissible to show that the defendant has a "bad character"); *United States v. Green,* 648 F.2d 587, 592 (9th Cir.1981) (affirming admission of evidence of defendants' prior involvement in tableting and marketing of LSD to show knowledge and plan, we observed that "[i]t is enough that the evidence is relevant to an issue in the case other than a defendant's criminal propensity"); *United States v. Rocha,* 553 F.2d 615, 616 (9th Cir.1977) (use of prior arrest against defendant); *United States v. Riggins,* 539 F.2d 682, 683 (9th Cir.1976) (af-

---

**8.** McCourt points to *Aboumoussallem'*s language that "the standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when a prosecutor uses such evidence as a sword," 726 F.2d at 911, to support his contention that a defendant may introduce propensity evidence despite 404(b)'s prohibition. The *Aboumoussal-*

*lem* court's statement, when read in context, belies appellant's contention. The Second Circuit in that case allowed the defendant more leeway in admitting *non-propensity* evidence under 404(b); it did not allow the defendant more leeway in admitting *propensity* evidence despite the prohibition of 404(b).

firming use of uncharged forged money orders against defendant, we said Rule 404(b) "embodies an ' "inclusionary rule" which admits all evidence of other crimes relevant to an issue in a trial, except that which tends to prove *only* criminal disposition' ") (quoting 2 Weinstein's *Federal Evidence* ¶ 404[08] (1975)), *cert. denied,* 429 U.S. 1045, 97 S.Ct. 749, 50 L.Ed.2d 758. *See also United States v. Hadley,* 918 F.2d 848, 850 (9th Cir.1990) ("we have held that Rule 404(b) is an 'inclusionary rule,' under which evidence is inadmissible 'only when it proves nothing but the defendant's criminal propensities' ") (quoting *United States v. Diggs,* 649 F.2d 731, 737 (9th Cir.), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981)). To the extent we noted that evidence is relevant and admissible on an issue not showing the defendant's propensity in these cases, we were simply dealing with the issue before us. On no occasion were we required to remark on whether Rule 404(b) applies to other crimes evidence regarding *third persons* as well as defendants. For this reason our prior cases do not ordain the result McCourt suggests in this case.

There are several decisions by the Fifth and Third Circuits, cited by the government, which are closer to the issue presented here and support our reading of Rule 404(b). In *United States v. Reed,* 715 F.2d 870 (5th Cir.1983), defendants were charged with conspiring to commit extortion arising out of the alleged rape of one defendant by a person named Wolfe. The defendants sought to introduce Wolfe's prior arrests for rape to show a pattern of behavior impeaching his assertion that Reed consented to have sex with him. The district court's refusal to permit use of such evidence was affirmed, in part on Rule 404(b) grounds "[b]ecause the defendants' purpose in attempting to introduce such evidence was precisely what is forbidden under this rule." *Id.* at 876. In *United States v. Dalfonso,* 707 F.2d 757 (3d

Cir.1983), defendant was tried for conspiracy to distribute narcotics. He sought to impeach the government's informant in support of an entrapment defense by showing that at the same time the informant was convincing defendant to get drugs, he was convincing other people to give him money for nonexistent Kruggerands. The court held that defendant was not entitled to use previous scams to demonstrate the informant's propensity to defraud or influence his victims, and to suggest that the defendant had been tricked into doing what he ought not do. *Id.* at 762. Similarly, in *United States v. Sturm,* 671 F.2d 749, 751 (3d Cir.), *cert. denied,* 459 U.S. 842, 103 S.Ct. 95, 74 L.Ed.2d 86 (1982), evidence of a witness's involvement in a past arson scheme was excluded when there was no evidence that defendant had been the victim of a similar scheme.

Thus case law in our circuit and others is consistent with the construction we believe the text of Rule 404(b) compels. Both prongs of the rule apply to any person and to any proponent. Evidence of "other crimes, wrongs, or acts," no matter by whom offered, is not admissible for the purpose of proving propensity or conforming conduct, although it may be admissible if offered for some other relevant purpose.

### C

McCourt argues that the purpose of Rule 404(b) is to protect against prejudice *to the defendant,* and that prohibiting the defendant from using propensity evidence to show a third party's guilt contravenes that purpose. He further contends that the premise of Rule 404(b) is not the irrelevance of propensity evidence, as the government asserts, but that it is *too* relevant and thus unduly prejudicial.

The Rule has roots in more than one concern.[9] On the one hand it reflects a deep seated notion that our system of justice should not permit the trier of fact to

---

9. *See* Weissenberger, *Federal Evidence* § 404.12, at 87–88 (1987), noting at least four: the jury might punish or reward an individual for his distinct conduct rather than weighing only the evidence directly relevant to the specific occur-

rence; the jury may misestimate the probative value of the extrinsic act evidence in evaluating its significance; unpredictability of human behavior; and assuring that a person should be free from his past misdeeds.

infer that because someone was a bad guy once, he is likely to be a bad guy again. On the other hand, it recognizes that the prejudicial impact of prior criminal conduct offered only to show conforming conduct outweighs its probative value.[10] Although it may well be that courts should indulge the accused when the defendant seeks to offer prior crimes evidence of a third person for an issue pertinent to the defense other than propensity,[11] in the case of evidence offered purely for propensity, Congress has resolved the balance in favor of exclusion. Therefore no matter which policy predominates, relevance or prejudice, neither Rule 404(b) nor its underlying purpose would be served by permitting McCourt to present prior misconduct of a third party to show propensity.

We conclude that Rule 404(b) applies to third persons and that the district court did not err in excluding McCourt's use of third party misconduct to show that that person acted in conformity with a criminal disposition such that he was more probably the guilty party than defendant.[12]

## IV

■ McCourt argues that because there was no direct evidence connecting him to the crime charged other than handwriting identification, the evidence is insufficient to sustain his conviction. However, in addition to handwriting analysis there was evidence that the false returns were filed on whited-out versions of defendant's old returns; the refund checks were to be sent to defendant's residence; and the false returns were not sent to the local IRS Service

Center, but rather to offices with which McCourt had worked during his previous employment by a Congressman and at which he had filed his own returns in previous years. The jury could properly convict on this basis.

AFFIRMED.

---

**10.** In discussing the policies underlying Rule 404(b), Wright and Graham note:

The basic reason for the inadmissibility of evidence of other crimes, wrongs, or acts is that such evidence is irrelevant to prove the conduct in question. As Wigmore says, it "has long been accepted in our law * * * [t]hat 'the doing of one act is in itself no evidence that the same or a like act was again done by the same person' * * *."

. . . .

Where the proof of other acts is offered to show that the person engaged in the disputed conduct, the weak probative value of the evidence of other crimes, wrongs, or acts is swamped by the counterveiling considerations

of fairness and efficiency. Therefore the general rule is, as stated by Rule 404(b), that other acts may not be used to prove the conduct of the actor.
22 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5239, at 436, 438 (1978) (footnotes omitted).

**11.** *See supra* note 8.

**12.** Nor did the district court's ruling impair McCourt's fundamental right to present a defense. McCourt was permitted to, and did, present evidence from which he could argue and the jury could have inferred that McDonald was the more likely culprit.