985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dung Tien NGO, Defendant-Appellant.
 No. 91-50794.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1993.
Decided Jan. 28, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-551-R, Manuel Real, Chief District Judge, Presiding.
 C.D.Cal.
 AFFIRMED AND REMANDED.
 Before JAMES R. BROWNING, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Dung Tien Ngo appeals his conviction and sentence for being a felon in possession of a firearm under 18 U.S.C. § 3922(g)(1). He contends that the district court erred in not granting his motion to suppress, in refusing to admit evidence concerning the owner of the vehicle in which the gun was found, and in allowing the prosecutor to question the defense witness about gang membership. He also claims that there was no support for the court's enhancement of his sentence for obstruction of justice. We affirm the conviction and remand for resentencing.
 
 FACTS and PROCEEDINGS
 
 3
 The defendant, Dung Tien Ngo was pulled over by Officer Troy Guidry of the Santa Ana Police Department for running a stop sign. When Ngo was asked to identify himself, he gave the name Luu and supplied a birthdate. Guidry performed several field sobriety tests due to Ngo's appearance and erratic driving. The results of those tests were inconclusive and Guidry decided to perform no more for safety reasons. Officer Guidry then asked Ngo if he could search his car. Having received his consent, Guidry escorted Ngo to the patrol car to wait while he executed the search.
 
 
 4
 After beginning the search, Guidry returned to the patrol car and handcuffed Ngo when he refused to keep his hands in plain view. Upon resuming the search, Guidry found a revolver wrapped in a jacket on the floorboard behind the driver's seat. He asked Ngo whether the jacket was his and he admitted that it was. Guidry arrested Ngo for carrying a concealed weapon and read him his Miranda rights sometime thereafter. After being read his rights, Ngo again admitted that the jacket was his but denied knowing anything about the gun.
 
 
 5
 Because the name and birthdate supplied by the defendant identified him as a convicted felon, a federal criminal complaint was filed against him for being a felon in possession of a firearm under 18 U.S.C. § 3922(g)(1). Ngo did not reveal his true identity until several weeks later when federal authorities arrested him from state custody. Ngo is a convicted felon and a new criminal complaint was filed against him in federal court with his true identity and the proper underlying predicate offense.
 
 
 6
 The district court denied Ngo's motion to suppress the evidence and statements and he was convicted following a jury trial. Ngo's subsequent motion for a new trial was also denied and the court sentenced him to 36 months imprisonment after increasing his base offense level by two for obstruction of justice.
 
 DISCUSSION
 Motion to Suppress
 
 7
 Prior to trial the defendant filed a motion to suppress the physical evidence discovered by Officer Guidry and the two statements by Ngo admitting ownership of the jacket in which the gun was found. The district court denied the motion, finding that Ngo failed to establish standing to contest Officer Guidry's search of the car, that Ngo freely and voluntarily consented to the search, and that Ngo's two statements were not taken in violation of Miranda. Denial of a motion to suppress is subject to de novo review while findings of fact supporting the denial are reviewed for clear error. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992); United States v. Homick, 964 F.2d 899, 903 (9th Cir.1992).
 
 
 8
 We need not decide whether Ngo has standing to challenge the search of a borrowed car because we hold Ngo consented to the search. Ngo contends that any consent for the search was involuntary because the traffic stop ripened into a full arrest without probable cause before he granted permission. A determination as to whether an investigatory stop ripened into an arrest is a mixed question of law and fact reviewed de novo. United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991). "There has been an arrest if, under the circumstances, a reasonable person would conclude that he was not free to leave after brief questioning." United States v. Del Vizo, 918 F.2d 821, 824 (9th Cir.1990).
 
 
 9
 Though the evidence conflicted as to when and where Officer Guidry requested consent to search the car, the district court found as a matter of fact that Guidry asked permission while he and Ngo were standing on the sidewalk. Because resolving factual conflicts is within the unique expertise of the trial court, we cannot say that this finding was clearly erroneous. United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991). A reasonable person would have felt free to leave after brief questioning if he remained unrestrained on the sidewalk. The investigatory stop did not ripen into a full arrest before Ngo consented to Guidry's search of the car. The district court properly denied Ngo's motion to suppress the fruit of the search.
 
 
 10
 Ngo also moved to suppress his statements admitting ownership of the jacket in which the gun was found. It is undisputed that Guidry first questioned Ngo about the jacket after placing him into a locked patrol car and handcuffing him. The district court found that his first statement was properly admitted though no Miranda warnings were given because he was not under arrest at that time. We disagree. A reasonable person handcuffed and locked in a patrol car would not have felt free to leave after brief questioning. The investigatory stop had ripened into a full arrest by this time such that Miranda warnings were required prior to questioning. Ngo's statement made while in the patrol car should have been suppressed.
 
 
 11
 Ngo contends the statement made after being read his rights also should have been suppressed. Ngo claimed at the hearing on the motion to suppress that he requested an attorney after hearing his rights. Whether questioning proceeded in violation of his Fifth Amendment right to an attorney was never argued at trial. Failure to file a motion to suppress prior to trial results in a waiver. Fed.R.Crim.P. 12(b)(3) & (f). Failure to raise a particular ground in support of a motion to suppress results in waiver just as surely as failure to file a motion altogether. United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987). By failing to argue this point before the district court, Ngo waived it and he presents no convincing grounds for us to grant relief from that waiver.
 
 
 12
 Ngo also claims that the post-Miranda statement must be suppressed because it followed an earlier statement made during an illegal detention. The first statement, though violative of Miranda, was not obtained by virtue of an illegal detention. Officer Guidry located the gun prior to questioning Ngo about the jacket and so had probable cause to arrest. A successive statement which follows a statement obtained in violation of Miranda, as opposed to one obtained by an unlawful detention, is judged only by the ordinary voluntariness rules of the Due Process Clause. Oregon v. Elstad, 470 U.S. 298, 306-09 (1985). Ngo presents no convincing evidence that the second statement was not voluntary. "A subsequent administration of Miranda warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement." Id. at 314. The district court did not err in finding that the post-Miranda statement was knowingly and voluntarily made and thus admissible. Because the content of the two statements was essentially the same and the second statement was properly admitted, use of the first unwarned statement was harmless error.
 
 Evidence Concerning the Car's Owner
 
 13
 At trial the defendant attempted to admit evidence that the owner of the vehicle in which the gun was found had a history of illegally using guns. The court refused to admit the evidence, finding it irrelevant.
 
 
 14
 Because the owner's history with guns would tend to make it less probable that Ngo placed the gun in the car or was aware of its presence, the evidence is relevant. Fed.R.Evid. 401. Even relevant evidence may, however, be properly excluded. Character evidence is not generally admissible to prove that a person acted in conformance with that character. Fed.R.Evid. 404(a). The owner's past illegal use of handguns is character evidence barred by Rule 404(a). The evidence does not fall into any of the exceptions recognized in Rule 404(b). Neither is the evidence admissible simply because it involves the character of a third party. Rule 404 recognizes no such exception. See United States v. McCourt, 925 F.2d 1229, 1236 (9th Cir.1991). Ngo was not denied his fundamental right to present a defense as he was able to argue on the evidence presented at trial that someone else committed the crime. The district court did not err in refusing to admit the evidence.
 
 Prosecution Cross-Examination
 
 15
 At trial the defendant presented the testimony of his girlfriend, Ms. Luu, that she borrowed the car from a third party several weeks before defendant's arrest and discovered some fabric stuck under the driver's seat. In cross-examining Ms. Luu the government asked her whether she was a member of a street gang known as the "Innocent Bitch Killers". The witness was allowed to answer the question over objection and denied awareness of the gang. Ngo's motion for a mistrial was denied.
 
 
 16
 The government admits that it questioned Ms. Luu about gang membership not to inquire about possible bias, but to impeach her general character for veracity. United States v. Abel, 469 U.S. 45 (1984), therefore, is not controlling. Membership in the "Innocent Bitch Killers" is not particularly probative of truthfulness. Possible association with others who might have committed undefined crimes in the area is not probative of the witness' character for veracity and does not satisfy the dictates of Fed.R.Evid. 608(b) on the use of prior misconduct for impeachment. See United States v. Dickens, 775 F.2d 1056 (9th Cir.1985).
 
 
 17
 The court abused its discretion in allowing the government to question Ms. Luu about gang membership. The error, however, was harmless. Non-constitutional errors only require reversal where it is more probable than not that the error affected the verdict. United States v. McAllister, 747 F.2d 1273, 1277 (9th Cir.1984). That standard is not satisfied here. The witness denied that she was even aware of the gang and the point was not argued during closing. Furthermore, the jury could have fully believed Ms. Luu's testimony and still convicted the defendant. Reversal is not required.
 
 Sentence Enhancement
 
 18
 At sentencing the district court granted the government's motion that the defendant's base offense level be increased by two for obstruction of justice. The court found the enhancement appropriate under U.S.S.G. § 3C1.1 because Ngo misidentified himself and because he suborned perjury.
 
 
 19
 Though providing a false name at the time of arrest is not grounds for enhancement, U.S.S.G. § 3C1.1 app. note 4(a), Ngo's false identification lasted for several weeks and caused a criminal complaint to be filed in the wrong name. Such a prolonged effort to hide his true identity and the resulting duplication of effort by federal authorities satisfies the standard for enhancement based on obstruction of justice contained in U.S.S.G. § 3C1.1. The district court, however, also based the enhancement upon its belief that the defendant suborned perjury committed by Ms. Luu. There is no evidence that Ms. Luu committed perjury. Her testimony was not necessarily inconsistent with the other evidence presented to the court and there was no independent evidence that she knowingly lied. Sentence enhancement for subornation of perjury was improper in this case.
 
 
 20
 A sentence enhancement may only be affirmed if one of several alternative grounds considered was proper. United States v. Hernandez-Valenzuela, 932 F.2d 803, 805 (9th Cir.1991). The district court was not clear whether the sentence enhancement was based on alternative or cumulative grounds. Because the court improperly considered subornation of perjury, remand for resentencing is necessary.
 
 
 21
 We affirm the conviction and remand for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3