29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack HOLDEN, Defendant-Appellant.
 No. 93-30309.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1994.
Decided July 22, 1994.
 
 1
 Before: TANG and WIGGINS, Circuit Judge, and HENDERSON,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Jack Holden appeals his jury conviction for wire fraud, money laundering and interstate transportation of stolen money orders in violation of 18 U.S.C. Secs. 1343, 2314 and 1956(a)(1)(B)(i). Holden claims the district court erroneously precluded the testimony of two witnesses under Fed.R.Evid. 404(b).
 
 
 4
 The government charged Jack Holden in an eleven-count indictment with wire fraud, interstate transportation of stolen money orders, and money laundering. The government alleged that Holden defrauded various investors by making false promises to conduct business for them in the west African country of Ghana. The charges at issue in this appeal concern a scheme where the government alleged Holden took over $30,000 from Richard Boehm, president of Frontier Foods International (FFI), not intending to fulfill a promise to provide pineapple concentrate in exchange.
 
 
 5
 Holden claimed at trial that Boehm gave him the $28,199.60 as an advance to pay for his living expenses in Ghana while supervising the shipment of the concentrate. Holden contended that Boehm agreed to provide Holden with a letter of credit in exchange for Holden's delivery of 110 drums of pineapple concentrate. The government argued that the $28,199.60 was intended for the purchase of the concentrate, and established that 110 drums of pineapple concentrate amounted precisely to that amount.
 
 
 6
 In his defense to this charge, Holden attempted to introduce the testimony of two witnesses. On appeal, Holden argues that the witness testimony should have been allowed to show that prosecution witness Boehm had previously defrauded those witnesses in business transactions. If this evidence had been allowed, Holden hoped to establish that Boehm had a modus operandi in refusing to provide Holden with a letter of credit to obtain the pineapple concentrate, and that Holden was simply protecting himself by refusing to ship the concentrate.
 
 
 7
 The court granted the government's motion in limine to exclude any extrinsic evidence for the purpose of impeaching the credibility of the government's witness, Boehm, under Fed.R.Evid. 608(b). The defendant concedes that this witness testimony is not admissible under Rule 608(b). Rather, he argues that the witness testimony should have been admitted under Rule 404(b) as proof of Boehm's modus operandi. The defendant failed to argue in the district court, however, that the testimony was admissible under Rule 404(b), either in response to the motion in limine or in the proffered testimony. Moreover, in cross-examining Boehm, the defendant never raised the issue of Boehm's alleged prior fraudulent activities. This supports a conclusion that Holden did not intend to raise a Rule 404(b) issue before the district court, with or without witnesses.[1]
 
 
 8
 When a defendant raises an issue on appeal that was not raised before the district court, this court reviews for plain error. See Fed.R.Crim.P. 52(b); United States v. Khan, 993 F.2d 1368, 1376-77 (9th Cir.1993) ("if the appellant fails to object to evidence under Rule 404(b) ... in the district court, we review the admission of the evidence for plain error.")
 
 
 9
 In United States v. Olano, --- U.S. ----, 113 S.Ct. 1770 (1993), the Supreme Court explained that to correct for plain error, there must be an actual error and not merely a waiver of rights, id. at 1777, the error must be "clear" or "obvious" under current law, id., and the error must "affect substantial rights" in that it affected the outcome of the proceedings, id. at 1777-78.
 
 
 10
 Actual error exists when "a legal rule was violated during the district court proceedings." Id. at 1777. Although Rule 404(b) is most commonly used by the prosecution, a defendant may also introduce Rule 404(b) evidence against a prosecution witness. See United States v. McCourt, 925 F.2d 1229, 1235 (9th Cir.1990) (Rule 404(b) "appl[ies] to any person and to any proponent. Evidence of 'other crimes, wrongs, or acts,' no matter by whom offered, is not admissible for the purpose of proving propensity or conforming conduct, although it may be admissible if offered for some other relevant purpose."), cert. denied, 112 S.Ct. 121 (1991).
 
 
 11
 Boehm's alleged prior fraudulent performance on other contracts would not be admissible under Rule 404(b). Because Holden did not have knowledge that Boehm had allegedly defrauded these witnesses in the past, the proffered testimony is irrelevant to proving Holden's intent in failing to ship the concentrate.
 
 
 12
 Moreover, any error did not affect the substantial rights of the defendant. The defendant bears the burden of persuasion in demonstrating that an error affected the outcome of the trial. See Olano, 113 S.Ct. at 1778. During cross-examination by the government, Holden contradicted his position that he did not ship the concentrate because he feared he was being defrauded. Holden admitted that he agreed to waive the letter of credit and ship a sample of the concentrate for $2,000. Any evidence of Boehm's alleged prior fraudulent business transaction would not likely affect the jury's determination of Holden's criminal liability, and therefore did not substantially affect the outcome of this case.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Thelton E. Henderson, Chief United States District Judge for the Northern District of California
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This disposes of the defendant's argument that the district court denied him the constitutional right to present a defense by excluding the witness testimony. While the arbitrary exclusion of witness testimony violates the Sixth Amendment, this right is not 'absolute,' and the defendant's assertion of this right must comply with "established rules of procedure and evidence." Perry v. Rushen, 713 F.2d 1447, 1450 (9th Cir.1983), cert. denied, 469 U.S. 838 (1984). In United States v. Martin, 567 F.2d 849, 853 (9th Cir.1977), the court required a "satisfactory showing ... that the presence of the witness is necessary to an adequate defense." The court did not preclude Holden from using witnesses for his defense; rather, Holden simply did not avail himself of this defense