69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier SANCHEZ-VERA, Defendant-Appellant.
 No. 94-50490.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Sanchez-Vera appeals the district court's refusal to admit evidence of a third party's prior bad acts pursuant to Fed.R.Evid. 404(b). He also contends that he was denied effective assistance of counsel in violation of the Sixth Amendment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We hold that the district court did not abuse its discretion when it refused to admit the third party's criminal record. We decline to consider the ineffective assistance of counsel claim because the record has not been sufficiently developed to provide meaningful review.
 
 I. BACKGROUND
 
 3
 On November 4, 1993, Sanchez attempted to enter the United States from Mexico at the San Ysidro Port of Entry. He was stopped by the border guards and referred to the secondary inspection station. A narcotics-detecting dog discovered 23.97 kilograms of marijuana wrapped in duct tape in a hidden compartment in the van.[1] Sanchez was arrested and charged with importation of marijuana and possession with intent to distribute.
 
 
 4
 At trial, he denied ownership of the van and knowledge of the marijuana. Department of Motor Vehicles records revealed that Raymundo Rodriguera was the owner but that he had "released liability" to Sanchez. Sanchez testified to the following story: A man named "Armando" asked him to drive Armando's van to Tijuana, Mexico, to pick up some tiles, which he did the day before his arrest. Upon his return to San Diego, Sanchez told Armando that the van was running poorly. Armando offered him fifty dollars to drive the van back to Tijuana for servicing and to pick up additional tiles. Sanchez drove to a Tijuana mechanic, left the van with him for several hours and then drove it back to the border where he was arrested. He never testified that Rodriguera and "Armando" were the same man.
 
 
 5
 Sanchez attempted to introduce evidence of Rodriguera's prior marijuana possession conviction in an effort to prove that he had a motive, opportunity and plan to dupe Sanchez into unknowingly transporting contraband across the border. The district court refused to admit the evidence. Sanchez was convicted on both counts after a jury trial. He is serving a 30-month sentence.
 
 II. ANALYSIS
 A. Rule 404(b) Evidence
 
 6
 We review a district court's evidentiary ruling under Rule 404(b) for abuse of discretion. United States v. Corona, 34 F.3d 876, 881 (9th Cir.1994).
 
 
 7
 Sanchez contends that the district court erred when it refused to admit evidence that Rodriguera, the legal owner of the van, pleaded guilty to a marijuana possession misdemeanor about six months before Sanchez's arrest. Rodriguera was arrested at the San Ysidro Port of Entry. He had attempted to smuggle 9.06 kilograms of marijuana in a hidden compartment in his Volkswagen Beetle. He was indicted for importation of marijuana and possession with intent to distribute. Pursuant to a plea bargain, he pleaded guilty to possession and the importation charge was dropped. Sanchez argues that the evidence supported his defense of lack of knowledge, indicated that Rodriguera manipulated Sanchez and showed that he was only an innocent "mule" unknowingly transporting the drugs.
 
 
 8
 Evidence of a person's prior bad acts may be admitted to demonstrate opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. Fed.R.Evid. 404(b).[2] Rule 404(b) applies both to defendants and to third parties. United States v. McCourt, 925 F.2d 1229, 1236 (9th Cir.), cert. denied 502 U.S. 837 (1991). The district court refused to admit the evidence, finding that Sanchez impermissibly sought to show that someone other than himself was responsible for the crime and that Rodriguera's crime was not sufficiently similar to the charges against Sanchez. The court further determined that the prejudicial effect would outweigh any probative value.
 
 
 9
 Evidence of prior bad acts is not admissible if it is offered to show that a third party acted in conformity with a criminal disposition and was thus likely to have been the true guilty party. Id. To try to circumvent this rule, Sanchez relies on two out-of-circuit cases that held that evidence of a third party's prior bad acts should have been admitted by the district court. United States v. Aboumoussallem, 726 F.2d 906, 912 (2d Cir.1984); United States v. Cohen, 888 F.2d 770, 776 (11th Cir.1989). In Aboumoussallem, the defendant tried to offer evidence of prior similar acts committed by his cousin that indicated a common plan to import narcotics from Lebanon using couriers who were unaware of the contents of their baggage.[3] In Cohen, the defendants, who ran a mill, sought to introduce evidence of a witness's prior involvement in a scheme similar to the one with which they were charged. The scheme was perpetrated without the knowledge of the past president of the mill and showed that the witness was capable of completing the fraudulent acts without the knowledge or assistance of the defendants.
 
 
 10
 The cases are inapposite. Here, Rodriguera's prior bad act does not demonstrate that he was ever involved in a scheme to use innocent third-parties, such as Sanchez, to smuggle marijuana. Cf. Aboumoussallem, 776 F.2d at 912 ("The existence of such a plan would lend some support to the inference that [the defendant] was duped and thereby bolster his defense of lack of knowledge."). Nor does it show that Rodriguera had the ability to complete the current crime without Sanchez's assistance. Cf. Cohen, 888 F.2d at 776 ("[E]vidence that he had the opportunity and ability to concoct and conduct the fraudulent scheme without the aid of the [defendants] was relevant to the issue of their guilt.").
 
 
 11
 The district court did not abuse its discretion when it refused to admit evidence of Rodriguera's prior bad acts.
 
 B. Ineffective Assistance of Counsel
 
 12
 Sanchez also contends that his Sixth Amendment rights were violated by the ineffective assistance of his counsel when he failed to call Rodriguera as a witness. Ineffective assistance claims are ordinarily brought in collateral proceedings, because the appellate record "often lacks a sufficient evidentiary basis as to 'what counsel did, why it was done, and what, if any, prejudice resulted.' " United States v. Quintero-Barraza, 57 F.3d 836, 839 (9th Cir.1995) (quoting United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991)).
 
 
 13
 This court may consider a defendant's claim on direct appeal where the record sufficiently sets forth the facts giving rise to the claim of ineffective assistance of counsel, or where the assistance is so inadequate that the constitutional violation is obvious. United States v. Vgeri, 51 F.3d 876, 882 (9th Cir.1995). In this case, neither exception applies. We are unable to determine the extent to which counsel attempted to contact the witness or his trial strategy. Nor is it obvious that the representation was unconstitutional. We are therefore precluded from conducting a meaningful review of this claim.
 
 III. CONCLUSION
 
 14
 We affirm the district court's decision to exclude evidence of Rodriguera's prior bad acts. We decline to consider the claim of ineffective assistance of counsel.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Customs inspectors found a receipt in the front compartment of the van for eight rolls of duct tape indicating that the tape had been sold to Sanchez on the day he was arrested. Employees of the San Diego hardware store listed on the receipt testified that he had purchased duct tape that day, and that he regularly purchased eight to ten rolls at the store
 
 
 [2]
 Rule 404(b) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....
 
 
 [3]
 Although the court held that the prior bad acts evidence was admissible, it still ruled that the evidence could be excluded under Rule 403 because the probative value was outweighed by potential trial delay and jury confusion. 726 F.2d at 912-13. If Aboumoussallem has any relevance to this case, it is only to lend support to the district court's finding that introduction of the evidence would be unduly confusing and prejudicial