**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VARAZDAT DAVTIAN,

 Plaintiff-Appellant,

 v.

SAFECO INSURANCE COMPANY OF
OREGON,

 Defendant-Appellee.

No.    14-35599

D.C. No. 6:12-cv-01211-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted March 7, 2017[**]
Portland, Oregon

Before:  O'SCANNLAIN, FISHER and FRIEDLAND, Circuit Judges.

Varazdat Davtian appeals a judgment in favor of Safeco Insurance Company

of Oregon (Safeco) on his breach of contract claim.  We have jurisdiction under 28

U.S.C. § 1291, we review the district court's evidentiary rulings for an abuse of

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion, *see United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011), and we affirm.

1.     We assume without deciding that Davtian did not waive his challenge to evidence of the 2007 fire by being the first party to refer to the evidence, doing so in his opening statement and direct examination of his first witness. *See Ohler v. United States*, 529 U.S. 753, 755 (2000).

2.     We reject Davtian's argument that evidence of the 2007 fire should have been excluded under Federal Rules of Evidences 402 and 404(b) because he was not involved in the fire. Safeco offered the evidence on the theory that Papazyan was involved in both fires, not that Davtian was. Accordingly, Safeco had to present sufficient evidence for a jury to find only that Papazyan was involved in 2007 fire, and Davtian does not dispute that Safeco did so. Under Rule 404(b), other act evidence is admissible not only against parties but also against third persons, such as Papazyan. *See United States v. McCourt*, 925 F.2d 1229, 1234 (9th Cir. 1991) (citing cases for the "unremarkable proposition that evidence of a third party's extrinsic offenses is admissible when relevant to some issue other than propensity").

3.     We reject Davtian's argument that evidence of the 2007 fire should have been excluded because there was no evidence the fire was intentionally set.

Although it is true that neither the fire department nor the insurer treated the 2007 fire as intentionally set at the time, there was sufficient evidence for Davtian's jury to find otherwise. *See* Fed. R. Evid. 104(b). The fire occurred in the middle of the night, when no one was home; Topchian offered a dubious explanation for his absence; Papazyan was in financial distress at the time of the fire; Papazyan and Topchian benefitted financially from the insurance proceeds; and, viewed together, the 2007 and 2011 fires suggest that both were intentionally set.

4. The district court did not abuse its discretion by concluding the probative value of evidence of the 2007 fire was not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. The evidence was relevant to show a scheme or plan and absence of mistake. *See* Fed. R. Evid. 401, 404(b); David P. Leonard, *The New Wigmore: Evidence of Other Misconduct* § 9.1 (2017). Other circuits agree. *E.g.*, *Westfield Ins. Co. v. Harris*, 134 F.3d 608, 615 (4th Cir. 1998) (stating, in a case involving Rule 404(b) evidence of previous fires, "the more often an accidental or infrequent incident occurs, the more likely it is that its subsequent reoccurrence is not accidental or fortuitous"); *Dial v. Travelers Indem. Co.*, 780 F.2d 520, 523 (5th Cir. 1986) (other fire evidence admissible to show "a plan to burn insured properties"); *United States v. Morano*, 697 F.2d 923, 926 (11th Cir. 1983) (evidence of previous fire admissible to show a plan). Although

3

the evidence presented some danger of unfair prejudice, the district court's Rule 403 balancing was not an abuse of its discretion.

5.     The district court did not abuse its discretion by admitting Chief Carriger's causation testimony under Federal Rule of Evidence 702. Carriger was qualified as an expert based on his fire causation and origin certification and his many years of firefighting experience. The mere fact that Carriger was not part of the investigation team and did not conduct a "scientific" investigation into its cause does not mean his opinion, based on his firsthand observations and specialized knowledge and experience, was unreliable or otherwise deficient under Rule 702. Again, our conclusion is consistent with cases from other circuits. *E.g.*, *Shuck v. CNH Am., LLC*, 498 F.3d 868, 874 (8th Cir. 2007) ("The failure to test components that were damaged or destroyed by fire did not necessarily render the experts' methodology flawed nor opinions inadmissible."); *United States v. Markum*, 4 F.3d 891, 896 (10th Cir. 1993) (fire chief "possessed the experience and training necessary to testify as an expert on the issue whether the second fire was a natural rekindling of the first fire"); *Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985) (holding "the opinions by the fire officials were clearly admissible" where "[t]here was testimony that showed that they were experienced and knowledg[e]able in the investigation of fires and that their

opinions were based on personal observation"). Nor did the district court abuse its discretion by admitting this evidence under Rule 403.

**AFFIRMED.**