
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-30237 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00199-RAJ-1 |
| v. | |
| BRIAN H. JONES, Sr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted June 4, 2018
Seattle, Washington

Before:  BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,[**] District Judge.

   1. <u>Sufficiency of the Evidence.</u> There was sufficient evidence to convict

Jones of Count 7, possessing a firearm in furtherance of a crime of violence.

Because Jones did not move for a judgment of acquittal, "we review under a more

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

rigorous standard of review for plain error to prevent a 'miscarriage of justice.'" *United States v. Roston*, 986 F.2d 1287, 1289 (9th Cir. 1993) (quoting *United States v. Curtis*, 568 F.2d 643, 647 (9th Cir. 1978)). First, the statute does not require the Government prove Jones possessed a specific firearm, but, rather, any firearm. *See* 18 U.S.C. § 924(c)(1)(A) (requiring that "any person who, during and in relation to any crime of violence . . . shall, in addition to the punishment provided for such crime of violence . . . (ii) if *the firearm* is brandished, be sentenced to a term of imprisonment of not less than 7 years" (emphasis added)). Therefore, any claim there was insufficient evidence, because there was varying evidence about the specific model and type of the pistol, is unavailing. Second, Williams affirmatively testified that Jones brandished a firearm during the December 25, 2015 assaults. Therefore, under the plain error standard of review, there is no question "*any* rational trier of fact could have found" that Jones possessed a firearm when he committed the assaults charged in Counts 5 and 6. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

2. <u>Severing.</u> Jones's argument that the district court abused its discretion by denying his motion to sever Counts 1, 2, and 3 from Counts 5, 6, and 7 is waived.[1] "It is well settled that the motion to sever 'must be renewed at the close of evidence or it is waived.'" *United States v. Alvarez*, 358 F.3d 1194, 1206 (9th Cir. 2004) (quoting *United States v. Restrepo*, 930 F.2d 705, 711 (9th Cir. 1991)). Jones moved before trial to sever but did not renew his motion at the close of evidence. Further, there is no evidence that Jones "diligently pursued severance or that renewing the motion would have been an unnecessary formality." *United States v. Sullivan*, 522 F.3d 967, 1008 (9th Cir. 2008) (quoting *United States v. Decoud*, 456 F.3d 996, 1008 (9th Cir. 2006)).

3. <u>Grand Jury Testimony.</u> The district court did not abuse its discretion by admitting Medina's grand jury testimony. "We have expressly recognized that the foundational prerequisites of [Federal Rule of Evidence] 613(b) require only that the witness be permitted-*at some point*-to explain or deny the prior inconsistent statement." *United States v. Young*, 86 F.3d 944, 949 (9th Cir. 1996) (emphasis added); *see also* Fed. R. Evid. 613(b), Advisory Committee Note (noting "no

---

[1] The Government argues that the counts were properly joined. However, Jones has raised no such argument on appeal. Therefore, any argument that the counts were improperly joined is also waived. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

specification of any particular time or sequence" for providing the witness the "opportunity to explain"). Jones had the opportunity to cross examine Medina on the statements after the introduction of the grand jury testimony and did so. This was sufficient and the district court did not abuse its discretion by allowing Medina's grand jury testimony to be admitted.

4. Statements to Medical Providers. The district court did not abuse its discretion by admitting the statements Medina made to medical treatment providers. Where statements are made for the purpose of medical diagnosis or treatment, statements made to medical providers (identifying the abuser) are admissible. *United States v. Kootswatewa*, 885 F.3d 1209, 1212-13 (9th Cir. 2018) (holding "[t]he declarant's selfish interest in obtaining appropriate medical care renders statements made for purposes of diagnosis or treatment inherently trustworthy"). Both medical treatment providers testified that knowing the identity of the attacker and the contours of the incident were important for Medina's treatment, and Jones provided no contrary evidence.

5. Statement to Law Enforcement. The district court did not abuse its discretion by admitting Medina's statement to law enforcement as an excited utterance, because she "was under the stress of excitement" of the earlier attack when she arrived at the police station. Fed. R. Evid. 803(2). Rule 803(2) excludes

4

from the rule against hearsay statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Here, Medina testified that Jones and her fought from 2:00 a.m. to 6:00 a.m., Jones forced her to accompany him to try and buy a gun (approximately 7:30 a.m. to 8:30 or 9:00 a.m.), she left at her first opportunity (after Jones passed out), and she went straight to the tribal police (arriving about 9:00 a.m.).

6. <u>Impeachment with Prior Police Report.</u> Jones waived his argument that the district court improperly allowed the prosecution to impeach Medina with her prior report to tribal police by failing to argue the statements were improperly admitted under Rule 613(b). *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived."). Jones instead argues that the district court abused its discretion by allowing the statements under Rule 801(d)(1)(A). However, the statements were not offered under Rule 801, rather, the record indicates the Government proffered the statements as impeachment evidence. which would be admitted under Rule 613(b).

7. <u>Cross Examination of Ramos.</u> Jones abandoned his argument that the district court improperly limited Jones's cross examination of Ramos by not arguing that the district court abused its discretion under Rule 403. *Crime Justice & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) ("Issues raised in a brief

5

which are not supported by argument are deemed abandoned" (quoting *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988))). Rule 609 provides that when "attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence (A) must be admitted, subject to Rule 403." Jones notes that the convictions are subject to a Rule 403 determination, but only argues that the district court abused its discretion by not following the mandatory "must" language in Rule 609.

8. <u>Cross Examination of Williams.</u> The district court did not abuse its discretion by limiting Williams's cross examination and, in the process, did not infringe on Jones's "fundamental right to present a defense." *United States v. McCourt*, 925 F.2d 1229, 1236 n.12 (9th Cir. 1991). Jones does not specifically argue under what rule Williams's tribal court misdemeanor domestic violence convictions should have been admitted, and affirmatively states that they were "not offered under [Rule] 609." Therefore, we construe Jones's argument to be that the convictions should have been admissible under Rule 404(b) as substantive evidence. Jones proffered the evidence to "corroborate[] Medina's testimony that she was fearful of [Williams], and that he was both threatening and controlling of her." In other words, it was offered to prove that Williams had indeed acted a

6

certain way. Such evidence is improper under Rule 404(b). *McCourt*, 925 F.2d at 1235-36 (holding "[e]vidence of 'other crimes, wrongs, or acts,' no matter by whom offered, is not admissible for the purpose of proving propensity or conforming conduct" (quoting Fed. R. Evid. 404(b))). Regardless, Jones was able to introduce the fact that Williams had been "physical" with Medina in the past, and Williams testified he had admitted to the conduct "because [he] wanted to stay out of jail." This was sufficient for Jones to argue that Medina had initially provided false reports because she was afraid of Williams.

9. Vouching. First, it was not plain error for the prosecutor to state that she "th[ought] all the facts show you here that if you agree with what [Medina] has testified to, what [Williams] has testified to, about what happened on Christmas Day, you will find that the defendant possessed a firearm in furtherance of a crime of violence on Christmas Day 2014." *See United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015). There was no indication of "extra-record" knowledge; the prosecutor argued for the jury to convict Jones for Count 7 by referencing the evidence supporting that count. *Id.* at 1040 (quoting *United States v. Ruiz*, 710 F.3d 1077, 1085 (9th Cir. 2013)). Second, it was not improper for the prosecutor to use the phrase "[Medina]'s truth" to argue one version of Medina's testimony was true and the other was not. *United States v. Necoechea*, 986 F.2d 1273, 1279 (9th Cir.

1993) (holding it was proper for a prosecutor to state "I submit to you that she's telling the truth"); *United States v. Preston*, 873 F.3d 829, 844 (9th Cir. 2017) (holding it was improper for the prosecutor to refer to a witness's testimony as "the truth"). Finally, even if the prosecutor improperly stated that she "d[idn't] think [Williams's] a man who could orchestrate a scheme as to what he's going to do next week, much less orchestrate a scheme were he directs [Medina]," the district court cured the statement. Thus, any error was harmless. *Flores*, 802 F.3d at 1034.

10. <u>Double Jeopardy.</u> The district court did not err by denying Jones's motion to dismiss the indictment on double jeopardy grounds. "[U]nder what is known as the dual-sovereignty doctrine, a single act gives rise to distinct offenses—and thus may subject a person to successive prosecutions—if it violates the laws of separate sovereigns." *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1867 (2016). Indian tribes have retained sovereignty to prosecute their own members. *United States v. Wheeler*, 435 U.S. 313, 329-30 (1978). Therefore,

because Jones was initially prosecuted by the tribal government under its sovereign power, Jones's right against double jeopardy was not violated.[2]

**AFFIRMED.**

---

[2] While Jones alleges that his tribe and the federal government colluded in his two prosecutions, he has merely highlighted the fact that the tribal prosecutor entered an appearance in his federal prosecution. This falls far short of the type of prosecutorial "commandeer[ing]" necessary to overcome the dual-sovereignty doctrine. *See United States v. Zone*, 403 F.3d 1101, 1104-05 (9th Cir. 2005).