**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 93-7703
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARCO GARZA, SR. and MARCO GARZA, JR.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Texas
_____

(December 27, 1994)

Before HIGGINBOTHAM, SMITH, and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

I.

Marco Garza, Jr., and Marco Garza, Sr., father and son (hereinafter "Junior" and "Senior," respectively, or, collectively, "the Garzas"), ran Marco Garza Chevrolet. The dealership sold a number of vehicles to David Mills, a drug trafficker. These sales were made for combinations of cash and other valuables in patterns that avoided their being reported by banks on currency transaction reports ("CTRs") or by the dealership itself under its statutory reporting duty. Additionally, the sales were made to Mills under several assumed names. The proceeds for the purchase of these cars

came from Mills's profits as a drug trafficker.

Mills testified against the Garzas, who were charged with seven counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1), a conspiracy to launder money, four counts of structuring a transaction in violation of 31 U.S.C. § 5324, and a second conspiracy embracing the structuring transactions. After a jury trial, Senior was found guilty on all counts. Junior was found guilty of the money laundering and conspiracy to money launder charges only, and acquitted on the other counts.

II.

A.

Senior challenges his convictions on the structuring counts and on the conspiracy to structure count on the basis of Ratzlaf v. United States, 114 S. Ct. 655 (1994), which interprets the willfulness element of structuring to require knowledge that the structuring itself is illegal. The Court examined the structuring statute and squarely held that it required proof of specific intent to violate the law. The Court went so far as to say that the structuring statute is one of the rare instances in which an ignorance of the law defense is viable. Id. at 656.

Ratzlaf cleanly rejects the theory embodied in the district court's instructions to the jury, that "[t]he defendant need not know that structuring itself is unlawful, only that the bank has a duty to report, and that he understood an act to evade with bad purpose the submission of enough information so that the bank could

2

file its report."  Because, as the government concedes, Ratzlaf makes this instruction plain error, we reverse Senior's structuring convictions (counts 9 through 12) and his structuring conspiracy conviction (count 13) and remand for a new trial.  We note that the district court's instruction was consistent with the precedents of this circuit at the time it was given, which was before the Supreme Court handed down Ratzlaf.

B.

The Garzas assert that the evidence offered in support of each of their convictions at trial was insufficient.  This court affirms a jury verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing all evidence in the light most favorable to the jury's verdict and drawing all reasonable inferences from the evidence to support that verdict.  The evidence need not exclude every reasonable possibility of innocence.  United States v. Faulkner, 17 F.3d 745, 768 (5th Cir. 1994); United States v. Gadison, 8 F.3d 186, 189 (5th Cir. 1993); United States v. Menesses, 962 F.2d 420, 425 (5th Cir. 1992).  We do not make credibility determinations in ordinary circumstances, even where evidence introduced against defendants is from their co-conspirators.  Gadison, 8 F.3d at 190.

To obtain a conviction for money laundering, the government must prove that "the defendant 1) conducted or attempted to conduct a financial transaction, 2) which the defendant knew involved the

3

proceeds of unlawful activity, 3) with the intent [either] to promote or further unlawful activity" or to conceal or disguise the nature, location, source, ownership, or control of the proceeds of unlawful activity. United States v. West, 22 F.3d 586, 590-91 (5th Cir.), cert. denied, 1994 WL 649888 (Nov. 28, 1994).

The government introduced evidence tending to prove that Senior authorized cash sales of vehicles to Mills and advised Mills that if the dealership were to take a lien on his car or truck, he would be able to get it back if it were seized by a governmental entity. The government also introduced evidence tending to prove that Senior directed his staff to sign false names to Mills's certificates of title. This evidence is adequate to support the verdict as to the existence of an agreement between the parties in the conspiracy count.

To support a conviction under 18 U.S.C. § 1956(a)(1)(B)(1), the government must prove, inter alia, that the defendant knew that the source of the funds was illicit and that the laundering was done with the intent to conceal or disguise the nature, location, source, ownership, or control of the property. United States v. Fuller, 974 F.2d 1474, 1478 (5th Cir. 1992), cert. denied, 114 S. Ct. 112 (1993). The jury verdicts against Senior on the conspiracy to launder money and substantive money laundering counts are supported by the evidence. Senior knew that Mills was AWOL and therefore was very unlikely to have a legitimate source of income for his seven automobile purchases.

The evidence against Junior on the money laundering and

4

conspiracy to money launder counts is even stronger than that against his father, as Junior enjoyed a closer relationship with Mills and was more directly involved in the transactions in question. His conviction is also supported by sufficient evidence.

C.

The Garzas argue that the testimony of Mills regarding use of cocaine by Junior and Mills at the dealership was admitted in violation of FED. R. EVID. 404(b). They further assign error to the court's refusal to give the jury a limiting instruction governing its consideration of the evidence. Since there was an objection at trial, we review the both the admission of this evidence and the refusal to give a limiting instruction for abuse of discretion.

The government claims that the drug use is relevant, as it bears on the Garzas' claim that they had no idea the funds they laundered were drug proceeds. In the context of Mills's obvious lack of wage-earning employment (being AWOL), heavy use of drugs shows an impressive source of income and therefore is relevant to the Garzas' intent with regard to the money laundering charge.

The Garzas argue that the government introduced the evidence because of its potential to prejudice the jury against them. In light of the fact that this use was of cocaine, whereas the government's theory of the case was that Mills trafficked in marihuana, we tend to agree. Without endorsing the government's questionable judgment in putting on the evidence of the drug use, we find no reversible error, in that the district court did not

5

abuse its discretion in admitting the evidence. We disapprove, however, of the introduction of such highly prejudicial evidence where, as here, the evidence of guilt is so overwhelming that there is no real need for its introduction.

The Garzas also challenge the admission of evidence concerning a lien that had been placed on a vehicle sold to Sylvia Garza even though she owed the dealership no money on the vehicle. The trial court found that the evidence went to Senior's involvement in the structuring conspiracy count. It was also relevant to rebut Senior's claim that he was uninvolved in the management of his business in many ways. In light of the fact that the district court gave the jury a limiting instruction confining the use of the evidence to permissible purposes under rule 404(b), we find no abuse of discretion.

### D.

Senior challenges his conviction on the structuring conspiracy, count 13, claiming ineffective assistance of counsel. As we are reversing this conviction and remanding for a new trial because of the erroneous jury instruction, we do not reach this issue.

### E.

Senior complains of the four-point enhancement of his base offense level under the sentencing guidelines for being the "leader" of an operation that involves five or more people or is "otherwise extensive." See U.S.S.G. § 3B1.1. The district court

found that Senior was in charge of the operation and that it involved more than five people including bookkeepers, clerks, and salesmen.  These findings of fact are reviewed for clear error, and there is none here.  In light of these facts found by the district court, the sentence enhancement was appropriate.  Senior's argument regarding the one-point enhancement of sentence for a total amount of money involved in excess of $100,000 is meritless.

III.

Because <u>Ratzlaf</u> makes the jury instruction on the willfulness requirement of the structuring statute plain error, Senior's convictions on counts 9 through 13 are REVERSED, and the case is REMANDED for a new trial on those counts.  The district court committed no reversible error with regard to the money laundering and conspiracy to money-launder counts as to both defendants, and those convictions are therefore AFFIRMED.