**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard E. HOVE, Defendant–Appellant.**

**No. 93–10219.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 1994.

Decided April 6, 1995.

---

Sanford Svetcov, Landels, Ripley & Diamond, San Francisco, CA, for defendant-appellant.

Geoffrey A. Anderson, U.S. Dept. of Justice, San Francisco, CA, for plaintiff-appellee.

Before: HUG, CANBY, and HAWKINS, Circuit Judges.

CANBY, Circuit Judge:

Richard Hove appeals his jury convictions for structuring currency transactions in violation of 31 U.S.C. §§ 5322(a) and 5324(3). Hove contends that the jury was not instructed properly and that the court made a variety of evidentiary errors. In light of the Supreme Court's decision in *Ratzlaf v. United States*, —— U.S. ——, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), we reverse Hove's conviction and remand for a new trial.[1]

## I

## BACKGROUND

Between May 19, 1987, and June 29, 1987, Richard Hove, an attorney, purchased $38,000 worth of cashier's checks. The checks were all under $10,000, and all made out to Chicago Title Company. Three of the checks were purchased on the same day from three different banks. During this same time, Hove made $42,500 worth of cash deposits.

The deposits were all under $10,000, and a check was written on this account to Chicago Title Company for $42,500.

The cash all came from one of Hove's clients, Norman Heifner, whom Hove allegedly believed to be putting together a land deal for several investors to purchase property in Happy Valley, Arizona. In fact, Heifner—a convicted drug dealer with large sums of cash—was purchasing the property himself and wanted to avoid filing cash transaction reports in connection with the purchase.

Hove was convicted of two counts of "structuring" currency transactions (breaking up a single cash transaction of $10,000 or more to avoid triggering the filing of a cash transaction report) in violation of 31 U.S.C. §§ 5322(a) and 5324(3). On appeal, Hove contends that the district court erred by failing to instruct the jury that they must find that Hove knew that the structuring in which he engaged was illegal. Hove also contends that the district court erred in a number of its evidentiary rulings.

## II

## THE JURY INSTRUCTIONS

■ We review *de novo* whether the jury instructions properly stated the law. *United States v. Sterner*, 23 F.3d 250, 252 (9th Cir.1994). *Ratzlaf v. United States* makes clear that, in order to establish that Hove was guilty of willfully structuring currency transactions, the government had to prove, and the jury had to be instructed, that Hove knew that the structuring he undertook was unlawful. *Ratzlaf*, —— U.S. at ——, 114 S.Ct. at 663. Although *Ratzlaf* was decided after Hove's trial, *Ratzlaf's* holding is controlling and must be applied to Hove's direct appeal. *Griffith v. Kentucky*, 479 U.S. 314, 322, 107 S.Ct. 708, 712, 93 L.Ed.2d 649 (1987).

■ The district court did not instruct the jury that, in order to convict, it had to find that Hove "acted with knowledge that his conduct was unlawful." *Ratzlaf*, —— U.S. at ——, 114 S.Ct. at 657. The jury instructions therefore omitted the willfulness ele-

---

1. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

ment of currency structuring. By omitting an essential element of the offense, the district court erred. This error is plain and cannot be harmless. *United States v. Stein*, 37 F.3d 1407, 1410 (9th Cir.1994); *United States v. Gaudin*, 28 F.3d 943, 952 (9th Cir.), *cert. granted in part*, —— U.S. ——, 115 S.Ct. 713, 130 L.Ed.2d 621 (1995). We therefore reverse Hove's conviction for *Ratzlaf* error, and remand for retrial. *Accord United States v. Retos*, 25 F.3d 1220, 1230 (3rd Cir.1994); *United States v. Rogers*, 18 F.3d 265, 268 (4th Cir.1994); *United States v. Garza*, 42 F.3d 251, 253 (5th Cir.1994); *United States v. Bencs*, 28 F.3d 555, 564 (6th Cir.1994); *United States v. Jones*, 21 F.3d 165, 172–73 (7th Cir.1994).[2]

## III.

### THE EVIDENTIARY RULINGS

Hove also maintains that the district court erred in admitting a variety of evidence. Because we are remanding for retrial, we address those issues that are likely to arise again. *See United States v. Rodriguez*, 45 F.3d 302, 306 (9th Cir.1995).

### A. Standard of Review

 We review *de novo* the district court's interpretation of the Federal Rules of Evidence. *United States v. Wilson*, 7 F.3d 828, 836 (9th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2151, 128 L.Ed.2d 877 (1994). We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Brooke*, 4 F.3d 1480, 1487 (9th Cir.1993).[3]

### B. The Admissions by Silence

During an investigation into Heifner's activities, Agent North of the Arizona Attorney General's office came across Hove's checks to Chicago Title Company. Agent North confronted Hove with the checks, and asked him to explain the circumstances surrounding them. Hove responded that he would have to get back to North, after researching the checks.

Sometime later, another agent from the Arizona Attorney General's office, Agent McVey, offered to allow Hove to present his side of the story to the grand jury. Hove declined the agent's invitation.

During the trial, North and McVey testified to these inquiries they made of Hove, as well as to Hove's responses. In reference to this testimony, the district court instructed the jury that:

> Evidence has been introduced that statements accusing the defendant of the crimes charged in the indictment were made and that the statements were neither denied nor objected to by the defendant. If you find that the defendant actually was present and heard, understood the statements, and that they were made under such circumstances as the statements would have been denied if they were not true, then you may consider whether the defendant's silence was an admission of the truth of the statements.

 The government contends that North's and McVey's testimony, as well as the court's instruction, was appropriate, because Hove's responses constitute admissions by silence. We disagree. Rule 801(d)(2)(B) permits a court to allow into evidence a statement as non-hearsay if "[t]he statement is offered against a party and is . . . (B) a statement of which the party has manifested an adoption or belief in its truth." Silence may constitute an adoption or belief in the truth of a statement if, under the circumstances, an innocent person would have re-

---

**2.** Hove's conviction occurred after two trials. The first trial ended in a hung jury. Before his first trial, Hove objected to the jury instructions that omitted the now-controlling definition of willfulness, but the trial court held that no such instruction was required. Hove did not renew that objection before or during his second trial. The government consequently argues that Hove failed to preserve the willfulness issue for appeal and that we must therefore apply the plain error standard. Because the applicable standard does not make a difference in this case, we are applying the plain error standard without deciding whether Hove was required to renew his objection at the second trial.

**3.** We are remanding for a new trial because of the error in the jury instructions. We thus need not determine whether any of the evidentiary errors were harmless or plain.

sponded to the statement. *United States v. Schaff,* 948 F.2d 501, 505 (9th Cir.1991).[4] Here, Hove's actions cannot reasonably be construed as admissions by silence. Contrary to the district court's suggestion in the jury instructions, North's questioning did not constitute an accusation that Hove himself had committed the crime of structuring. There is, therefore, no statement accusing Hove of the crimes charged in the indictment to which Hove could have acquiesced. In these circumstances, Hove's declination to respond until he had done some research cannot constitute an adoptive admission.

■ Similarly, it is unreasonable to allow the jury to infer that Hove admitted to structuring by declining to testify in front of Arizona's grand jury. In the first place, structuring was not a crime in Arizona at the time the grand jury met. It would thus be difficult to construe an invitation to testify in front of the Arizona Grand Jury as an accusation of the crimes charged in the indictment. Arizona law aside, declining an invitation to testify in front of the grand jury simply does not constitute an admission by silence. Like agent North's questions, McVey's invitation is not a statement and is certainly not an accusation, of which the failure to deny could constitute an admission.

■ Although we give considerable deference to a trial judge's evidentiary rulings, in this case we are definitely and firmly convinced that the district court made an erroneous ruling. *See United States v. Brooke,* 4 F.3d 1480, 1487 (9th Cir.1993). The district court therefore abused its discretion in admitting North's and McVey's testimony for the purpose of allowing the jury to infer that Hove admitted to structuring.

### C. The 404(b)/801(d)(2)(E) Evidence and Other Evidence

The government also introduced a variety of bad acts committed by others, including evidence that Heifner engaged in currency structuring, tax evasion, and various drug offenses, and that Heifner's real estate agent, Bonertz, engaged in currency structuring. The government contends, citing *United States v. McCourt,* 925 F.2d 1229 (9th Cir.), *cert. denied,* 502 U.S. 837, 112 S.Ct. 121, 116 L.Ed.2d 89 (1991), that evidence of Heifner and Bonertz's bad acts is admissible under Fed.R.Evid. 404(b) to prove Hove's motive, opportunity, intent, etc. So, according to the government, a court may admit one person's bad acts to show another person's motive, intent, etc. The government also maintains that even if the evidence is inadmissible under Rule 404(b), it is admissible under Fed. R.Evid. 801(d)(2)(E). According to the government's Rule 801(d)(2)(E) theory, the court could have admitted Heifner and Bonertz's currency structuring, because it shows a common plan, scheme, and purpose to transfer cash into the Chicago Title Company escrow account. Yet the government did not prove the existence of a conspiracy.

Hove argues with considerable force that a plain reading of Rule 404 and *McCourt* does not support the government's view of Rule 404. He also contends that the case law does not support the government's Rule 801 theory. *See, e.g., Bourjaily v. United States,* 483 U.S. 171, 175, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144 (1987); *United States v. Castaneda,* 16 F.3d 1504, 1507 (9th Cir.1994). We have no way of knowing, however, whether these issues will arise in the same manner and in the same posture on retrial, and we therefore decline to rule upon them now.

### CONCLUSION

*Ratzlaf* and *Stein* make clear that the district court erred by failing to instruct the jury properly on the "willfulness" element. The district court also erred in admitting the conversations between Hove, North, and McVey as admissions by silence. Because

---

4. Whether a reasonable jury could conclude that Hove heard, understood, and would have responded to the statements if he were innocent must be preliminarily determined by the district court before the statements are admitted into evidence. *United States v. Monks,* 774 F.2d 945, 950 (9th Cir.1985); *United States v. McKinney,* 707 F.2d 381, 384 (9th Cir.1983). Once the preliminary determination is made, it is for the jury ultimately to determine whether Hove "actually heard, understood, and acquiesced in the statement." *Monks,* 774 F.2d at 950.

we are remanding for a new trial, we decline to reach the other issues raised on appeal.

**REVERSED AND REMANDED.**