89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Wayne WALDRON, Jr., Defendant-Appellant.
 No. 95-10429.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided May 1, 1996.
 
 Before: HUG, Chief Judge, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Walter Wayne Waldron, Jr. appeals his jury conviction for transporting monetary instruments and failing to report. See 31 U.S.C. §§ 5316 and 5322. He contends that the district court abused its discretion when it admitted evidence that he had escaped from prison only hours prior to his arrest and when it denied his motion for a mistrial based upon prosecutorial misconduct. Waldron also contends that the district court erred when it instructed the jury that the burden of persuasion in the forfeiture portion of the proceeding was preponderance of the evidence rather than beyond a reasonable doubt. We affirm.
 
 
 3
 1. Waldron escaped from a federal prison, and on that very day he tried to cross the United States border into Mexico while carrying $36,089 in cash. When the currency requirements were explained to him, he indicated that he did not have over $10,000 with him. He was ultimately arrested, and the $36,089 was found. He was then prosecuted for his failure to report the currency.
 
 
 4
 In order to convict him, the government had to prove that he knew that he was transporting over $10,000 in cash and that he knew he was obliged to file a report. See United States v. Ibarra-Alcarez, 830 F.2d 968, 974 (9th Cir.1987); see also United States v. Gomez-Osorio, 957 F.2d 636, 640-41 (9th Cir.1992) (knowledge and willfulness); cf. Ratzlaf v. United States, --- U.S. ----, ----, 114 S.Ct. 655, 657-58, 126 L.Ed.2d 615 (1994); United States v. Hove, 52 F.3d 233, 235-36 (9th Cir.1995). The evidence of Waldron's escape offered a potent explanation for his failure to report the currency at the border. The reason was not lack of knowledge or lack of hearing ability at all. It was simply that he was trying to get to a place of safety with enough money to sustain himself while there, and he did not wish to be slowed down or detained at the border. The evidence was not admitted to prove character; it came in to prove an element of the offense. It showed both his knowledge and the absence of any mistake. Fed.R.Evid. 404(b). It tended to show that his failure to disclose was not based upon a mere hearing defect. Thus, if the escape evidence is considered to be evidence of other acts, it came within Rule 404(b). See United States v. Basinger, 60 F.3d 1400, 1408 (9th Cir.1995); United States v. Manning, 56 F.3d 1188, 1197 (9th Cir.1995); see also United States v. Bracy, 67 F.3d 1421, 1432 (9th Cir.1995). Moreover, the evidence was highly probative, and that virtue was not outweighed by any unfair prejudice. See Fed.R.Evid. 403; Basinger, 60 F.3d at 1408. In fact, considering the propinquity of the acts, it could easily be said that the evidence was not really other crime evidence at all, but that the incident at the border was simply a part of the continuing escape attempt. See, e.g., United States v. Easter, 66 F.3d 1018, 1022 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 742, 133 L.Ed.2d 691 (1996); United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir.1995). However, we need not rest our decision upon that footing because admission of the escape as Rule 404(b) evidence was clearly proper; the district court did not abuse its discretion. See United States v. Vgeri, 51 F.3d 876, 880 (9th Cir.1995); United States v. Blaylock, 20 F.3d 1458, 1462 (9th Cir.1994).
 
 
 5
 2. The district court limited the government to questioning Waldron about one of his prior felony convictions. However, the prosecutor asked about a second one. As soon as the question was asked, it was objected to, and nothing further was said about it. Of course, the prosecutor should not have asked the question. To do so was improper. However, no evidence came in, and when the district court instructed the jury it said that evidence of "a felony" was before it. It also explained that evidence of a prior conviction could not be considered evidence of the charged crime, but could only be considered on the issue of Waldron's "believability as a witness." Given the brevity of the reference, the court's instructions, and the evidence in this case, we cannot say that the district court abused its discretion when it denied Waldron's motion for a mistrial. See United States v. George, 56 F.3d 1078, 1082 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 351, 133 L.Ed.2d 247 (1995); United States v. Valdez-Soto, 31 F.3d 1467, 1473 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1969, 131 L.Ed.2d 859 (1995).
 
 
 6
 3. In the separate forfeiture portion of the trial, the district court instructed the jury that the burden of persuasion on the government was preponderance of the evidence. Waldron's counsel agreed with that. In fact, when the district court inadvertently suggested that the burden was beyond a reasonable doubt, his counsel corrected the court and said, "Your Honor, the Court's instruction, first paragraph, reads proof beyond a reasonable doubt and it is proof by a preponderance of the evidence." She later explained that "My second [instruction] was the preponderance of the evidence with the one the Court just read." Waldron now argues that the burden of persuasion should have been beyond a reasonable doubt. However, any error by the district court was invited. Therefore, we need not review that issue on appeal. See United States v. Staufer, 38 F.3d 1103, 1109 (9th Cir.1994); United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991).
 
 
 7
 Even were we to review the issue, we would reject Waldron's contention. As we have previously held, when a forfeiture provision is phrased in language which shows that it is part of the punishment for a crime, the burden of persuasion on the government is preponderance of the evidence. See United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir.1989), cert. denied, 497 U.S. 1003, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990). In Hernandez-Escarsega, the statute in question directed that "[t]he court, in imposing sentence" shall order a forfeiture of certain assets. 21 U.S.C. § 853(a). The statute which controls this case also provides that "[t]he court in imposing sentence" shall order a forfeiture of certain assets. 18 U.S.C. § 982(a)(1). The issue is not whether the forfeiture is civil or criminal. Cf. United States v. Seifuddin, 820 F.2d 1074, 1078 (9th Cir.1987). Sentencing a defendant to prison, or to probation, or to supervised release, etc., is obviously criminal. Still, the government's burden of persuasion is preponderance of the evidence. See, e.g., United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3