98 F.3d 646
 321 U.S.App.D.C. 197
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Darryl PHILLIPS, Appellant.
 Nos. 92-3230, 95-3141.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 25, 1996.
 
 Before: WALD, SILBERMAN, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These causes came to be heard on the record on appeal from the United States District Court for the District of Columbia, and were briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that appellant's conviction under 21 U.S.C. § 846 be affirmed, that appellant's conviction under 18 U.S.C. § 924(c) be reversed, and that this case be remanded to the district court for resentencing for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant challenges his convictions for conspiracy to distribute and possess more than 50 grams of cocaine base and for using and carrying a firearm during and in relation to that drug trafficking offense. We affirm the drug trafficking conviction, reverse the firearm conviction, and remand to the district court for resentencing.
 
 
 5
 Appellant was arrested pursuant to a raid conducted on the home of Paulette Glenn. The home had been the base of a crack selling operation set up by Ron Morrison. At trial, the prosecution relied heavily on the testimony of Glenn, who testified that one of appellant's duties was to guard the back door of the house with a shotgun and that appellant had been performing that duty when the police arrived. Glenn also testified that once, when Morrison was out of town, she and appellant stole one of Morrison's guns, appellant sold it, and she and appellant split the proceeds. Neither the prosecution nor the defense called Denise Wimbish, one of Glenn's subtenants who allegedly was present at the time of the raid. During its rebuttal argument, the prosecution conceded that much of its case rested on the testimony of Glenn, and it argued that Glenn was a credible witness.
 
 
 6
 Appellant challenges the admission over objection of that portion of the prosecution's rebuttal argument which suggested that the prosecution did not have to present Glenn's testimony in person but could instead have relied on deposition transcripts or filmed testimony. Taken in isolation, the prosecutor's statement that "we could have" simply deposed Glenn and then "pass[ed] out transcripts" is unquestionably a misstatement of the law and arguably amounts to improper vouching for the government's witness. The government contends that "we" in this context referred to "the system," and it points to the prosecutor's subsequent statement, "[b]ut that's not how the system works," to buttress the argument. At best, we think that the prosecution's suggestion to the jury was a tortured way of explaining the fundamentals of the American system of justice. At worst, the prosecution may have structured its argument as it did in order to suggest to the jury that the government's witness should be credited simply because she testified in person. The district judge's overruling of defense counsel's objection to this argument suggests that he understood the prosecutor to be attempting to explain how the system works. And we, of course, are loath to substitute that understanding with another gleaned from a cold record.
 
 
 7
 Appellant also argues that his conspiracy conviction must be overturned because the district court plainly erred in allowing the prosecution to elicit testimony from Glenn that implicated appellant in the theft, possession, and sale of a gun belonging to Morrison. According to appellant, this evidence should have been excluded as "other crimes" evidence under Federal Rule of Evidence 404(b). The government counters that the evidence was not of "other crimes" but was instead probative of the conspiracy charged, since it tended to show appellant's membership in a conspiracy dominated by Morrison and involving guns and drugs. We think the government's argument somewhat tenuous, but we cannot say that the district court committed plain error by not sua sponte ruling to exclude this evidence.
 
 
 8
 Connected to appellant's 404(b) argument is his claim of ineffective assistance of counsel. Appellant challenges his trial counsel's failure to object to the alleged "other crimes" evidence and her failure to present testimony of Wimbish, whom appellant now claims would have contradicted key aspects of the prosecution's case. At an evidentiary hearing pursuant to the appellant's new trial motion, trial counsel testified that her strategy at trial was twofold: she tried to portray Morrison as the ringleader of the conspiracy and appellant merely as one among many people caught up in the raid, and she tried to portray Glenn as an unreliable witness. Consistent with the first goal, trial counsel testified that she did not object to the alleged "other crimes" evidence because she thought it tended to show independence from Morrison and thus to discount appellant's role in the conspiracy. Consistent with the second goal, trial counsel testified that she did not call Wimbish to testify because although she might have undermined part of Glenn's testimony, she also would have corroborated much of it. That corroboration, trial counsel thought, could have strengthened the government's case. Trial counsel also testified that she did not think Wimbish would be a credible witness because of her history of drug use and because she appeared to be under the influence of drugs when she appeared at the courthouse to speak with trial counsel. These decisions by trial counsel were part of a coherent and reasonable trial strategy; they easily pass muster under our "highly deferential" review. Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 9
 Finally, appellant contends that his conviction for using and carrying a firearm in connection with a drug trafficking offense must be reversed because the district court's instructions failed to submit to the jury an essential element of the offense. Under United States v. Bailey, 116 S.Ct. 501 (1995), decided after appellant's conviction, to prevail on a "use" theory under 18 U.S.C. § 924(c), the government must prove that the defendant "actively employed the firearm during and in relation to the predicate crime." 116 S.Ct. at 508. The district court's "use" instruction included the statement that "[t]he government does not have to show that the defendant actively employed the firearm in any manner."[1] This instruction is plainly erroneous in light of Bailey.
 
 
 10
 Appellant attempts to characterize this error as the omission of an essential element of the firearm offense. Such an omission, he argues, is plain error mandating reversal without harmless error analysis. See, e.g., United States v. Hove, 52 F.3d 233 (9th Cir.1995). For its part, the government views the instruction at issue as erroneously defining--rather than refusing to submit to the jury--an essential element of the crime. Thus, although it concedes that it cannot show harmless error in this case, the government argues that harmless error analysis applies. See United States v. Winstead, 74 F.3d 1313, 1320 (D.C.Cir.1996). We need not address this difference here; because the government concedes that it cannot show harmless error, we need hold only that even if harmless error analysis applies, appellant's § 924(c) conviction must be reversed.
 
 
 11
 In light of its concession that the § 924(c) conviction must be overturned, the government requests a remand for resentencing on the drug trafficking count, for which the government intends to seek a two-level sentence enhancement for possession of a weapon. See U.S.S.G. § 2D1.1(b)(1). Appellant challenges this court's authority to vacate the sentence on the conspiracy count since the government did not appeal the sentence. But we have done this before, see United States v. Fennell, 77 F.3d 510 (D.C.Cir.1996); cf. United States v. Clements, 86 F.3d 599, 600-01 (6th Cir.1996) (relying on 28 U.S.C. § 2106 to "vacate and remand an entire sentencing package despite the fact that it includes an unchallenged sentence"), and so remand the case for resentencing.
 
 
 
 [1]
 This instruction was correct as a matter of circuit law at the time administered by the district court