IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10228
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BARBARA BLYTHE HARRIS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-95-1-A
- - - - - - - - - -
December 1, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:*

Barbara Blythe Harris was convicted by a jury for conspiracy to commit bank robbery and for armed bank robbery and aiding and abetting and has appealed.

Harris contends that the district court erred in refusing to appoint an investigator at Government expense, under 18 U.S.C. § 3006A(e)(1), to help her develop evidence supporting her alibi defense. In her motion, Harris argued only that the evidence she wished to develop and the witnesses she wished to interview were located in another city, that judicial economy would be served

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

through the appointment of an investigator, that the unidentified witnesses would provide alibi testimony, and that the services of an investigator were necessary to disprove the Government's case. Harris did not demonstrate with specificity why appointment of an investigator was necessary. See United States v. Gadison, 8 F.3d 186, 191 (5th Cir. 1993).

Harris contends that the district court erred in admitting in evidence a note which the Government contended had been written by Harris in her jail cell prior to the trial. Harris contends on appeal that it was unfair to disclose to the jury that she had been detained pending trial. She also argues that the evidence was improperly admitted under Fed. R. Evid. 404(b) because it tended to show an attempt by Harris to suborn perjury. In United States v. Castillo, 77 F.3d 1480, 1489 (5th Cir. 1996), we held that testimony that a defendant's request for a witness to fabricate a story was admissible to show the defendant's knowledge and membership in a conspiracy. Under Castillo, the evidence was relevant to show Harris's knowledge of the bank robbery and membership in the conspiracy. It was up to the jury to determine what weight should be given to the evidence. Although the evidence was prejudicial, the prejudice was mitigated because the district court instructed the jury that Harris was presumed to be innocent and that it was not to consider the fact that Harris was jailed pending trial in determining her guilt. See United States v. Garza, 42 F.3d 251, 254 (5th Cir. 1994).

Harris contends that, because she was acquitted of the charge of using and carrying a firearm in connection with a crime of violence, the district court erred by raising her offense level by seven levels pursuant to U.S.S.G. § 2B3.1(b)(2)(A), because a gun was discharged during the robbery. Under U.S.S.G. § 1B1.3(a)(1)(B), a defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity." This court has affirmed imposition of the § 2B3.1(b)(2) enhancement in similar circumstances. See United States v. Burton, 126 F.3d 666, 678-79 (5th Cir. 1997); see also § 1B1.3 comment. (n.2(B)(1)).

Harris contends that the district court erred at sentencing in failing to adjust her offense level downward for acceptance of responsibility. If a defendant "clearly demonstrates acceptance of responsibility for h[er] offense," the sentencing guidelines instruct the district court to decrease the defendant's offense level by two and possibly three points. U.S.S.G. § 3E1.1(a) and (b). The defendant bears the burden of proving that she is entitled to the downward adjustment. United States v. Kinder, 946 F.2d 362, 367 (5th Cir. 1991). Because the issue is raised for the first time on appeal, it is reviewed for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

In her rambling statement at the sentencing hearing, Harris continued to maintain her innocence and would admit only that she had exercised poor judgment in associating with Mark Harris. It is clear from Harris's statement that she has not accepted

responsibility and feels no remorse for the conduct for which she was convicted.  See § 3E1.3 comment. (n.1(a)).  The adjustment for acceptance of responsibility is not intended to apply to defendants who deny the essential factual elements of guilt and put the Government to its burden of proof at trial.  See § 3E1.3 comment. (n.2).  No error has been shown, plain or otherwise.

AFFIRMED.