**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 97-41024

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARCO GARZA, SR.,

Defendant Appellant.

---

No. 97-41069

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARCO GARZA, JR.,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Southern District of Texas

(M-96-CV-17 & M-93-CR-54-3)

---

March 9, 1999

Before DAVIS, STEWART and PARKER, Circuit Judges.

1

PER CURIAM:[*]

Marco Garza, Sr., ("Senior") federal prisoner # 64241-079, and Marco Garza, Jr., ("Junior") federal prisoner # 39697-079, father and son (collectively "the Garzas"), appeal the denial of their 28 U.S.C. § 2255 motions. We affirm.

FACTS AND PROCEDURAL HISTORY

The Garzas were charged with seven counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), one count of conspiracy to launder money, four counts of structuring a transaction in violation of 31 U.S.C. § 5324, and one conspiracy count embracing the structuring transactions. After a jury trial, Senior was found guilty on all counts. Junior was found guilty of the money laundering and conspiracy to launder money charges but was acquitted on the other counts.

This court affirmed the Garzas' convictions on the money laundering counts and the conspiracy to launder money count and reversed Senior's convictions for structuring transactions and conspiracy to structure transactions. *See United States v. Garza*, 42 F.3d 251, 254 (5th Cir. 1994). The reversed counts were later dismissed on a motion by the Government.

On February 7, 1996, Senior filed a 28 U.S.C. § 2255 motion asserting sixteen grounds for relief. The district court denied the § 2255 motion but granted Senior a certificate of probable cause (CPC) on his contention "that the Court erred by failing to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

instruct the jury that willfulness was an element of the money laundering offense because the government included the term 'willful' in the indictment." On April 18, 1997, Junior filed a § 2255 motion. The district court denied relief but granted Junior a certificate of appealability (COA) on the same issue. We then consolidated the Garzas' appeals.

## SCOPE OF APPEAL

The threshold issue concerns the scope of appellate review. Senior filed his § 2255 motion before the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Therefore, the AEDPA is not applicable, and he was not required to obtain a COA to proceed on appeal. *See Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997). Because appeals in § 2255 cases were of right prior to the AEDPA, Senior likewise needs no CPC. *See United States v. Rocha*, 109 F.3d 225, 228 (5th Cir. 1997). Accordingly, we review all of the issues raised in Senior's brief.

Junior is required to obtain a COA pursuant to the AEDPA because he did not file his § 2255 motion until April 18, 1997. Appellate review as to Junior is therefore limited to the constructive amendment of indictment issue specified in the grant of COA. *See Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997).

## ANALYSIS

The Garzas contend that the omission of the term "willfully" from the jury instructions constitutes an impermissible amendment of the indictment. Although defense counsel objected to the jury

3

charge on this basis at trial, the Garzas did not raise the issue on direct appeal. In addition to disputing the merits of the Garzas' constructive amendment claim, the Government contends that the issue is procedurally barred, and that defense counsels' failure to raise the issue on direct appeal does not constitute ineffective assistance of counsel. The government invoked the procedural bar in district court. *See United States v. Drobney*, 955 F.2d 990, 994-95 (5th Cir. 1995).

"Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)(quoting *United States v. Frady*, 456 U.S. 152, 158 (1982)). "Ineffective assistance of counsel satisfies the cause and prejudice standard." *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994).

The Garzas contend that their attorneys were ineffective for failing to raise the constructive-amendment-of-indictment issue on direct appeal. To prevail on an ineffectiveness-of-counsel claim, a defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Assuming,

4

without deciding, that the Garzas' constructive amendment argument has merit, they cannot demonstrate that their appellate counsel were ineffective for failing to assert every colorable issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). There is no Fifth Circuit jurisprudence dispositive of the constructive amendment question presented. We also note that the Eleventh Circuit case cited as primary support for the argument, *United States v. Cancelliere*, 69 F.3d 1116 (11th Cir. 1995), was not decided at the time of the direct appeal in this case. We conclude both Senior and Junior were afforded counsel whose conduct on direct appeal fell well within the range of adequate professional assistance. *See Strickland*, 104 S. Ct. at 2065.

CONCLUSION

Having reviewed the record, we find no merit in Senior's other claims of ineffective assistance of counsel, in his assertion that 18 U.S.C. § 1956(a)(1)(B)(i) is unconstitutionally vague, his attack on the wording of the co-conspirator liability jury charge, or his allegations of prosecutorial misconduct and insufficiency of the evidence.

For the foregoing reasons, we AFFIRM the denial of § 2255 relief as to both Marco Garza, Sr. and Marco Garza, Jr.

AFFIRMED.