**MICHAEL JAMES AGASIVA, aka JAMES FRANKLIN SATELE,**
**Appellant,**

v.

**AMERICAN SAMOA GOVERNMENT, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 19-02

April 12, 2004

Before WARD,[*] Acting Associate Justice, GOODWIN,[**] Acting Associate Justice, TASHIMA,[***] Acting Associate Justice, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Appellant, Sharron I. Rancourt, Assistant Public Defender
For Appellee, Fiti A. Sunia, Assistant Attorney General

OPINION

GOODWIN, Acting Associate Justice:

Michael Agasiva appeals his conviction for assault in the second degree. He assigns error to the jury instructions, the sufficiency of the evidence and ineffective assistance of counsel.

## Background

On April 11, 2002, in the Village of Amaluia, Agasiva, a traditional *matai*, drove his pick-up truck into a chair that had been left in the middle of the street by three children who had been standing on it to reach vi fruits with a bamboo fruit-picking stick. When the children ran into a nearby house, Agasiva got out of his truck and pursued them. According to several witnesses, he entered the house by kicking the door in, spoke with the children, and then went back outside. The children also left the house and a ten-year old girl picked up the bamboo stick. Agasiva then took the stick from her and hit her with it four times.

At trial, the victim testified that Agasiva struck her on the back of her left shoulder, on her right and left elbow and on her right wrist. A second child present testified that Agasiva "spanked" the victim once on the back and three times on the hands with the bamboo stick. The victim's mother, who was walking toward her house at the time, saw her "daughter . . . being spanked" four times.

The bamboo stick used by Agasiva was between two and a half and four feet long, and between an inch and two inches thick. Officer Tiali`i Lutu, who responded to the incident, testified that the victim had minor cuts on both hands and both elbows, as well as redness on her left cheek, neck

---

[*] Honorable John L. Ward, II, Judge, District Corut of American Samoa, serving by designation of the Secretary of the Interior.
[**] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of Interior.
[***] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of Interior.

and back. He said that the door to the house was slightly ajar and had a muddy footprint on it.

After the prosecution rested, defense counsel moved to acquit and the court denied the motion. Counsel then sought to introduce an emergency medical technician's ("EMT") report that had been discussed during the victim's mother's testimony. That motion was denied. Defense counsel tendered jury instructions, some of which were given. These rulings are challenged on appeal.

The Trial Division then instructed the jury on the elements of burglary in the second degree and the lesser included offense of criminal trespass. The court also instructed the jury that to be guilty of assault in the second degree, Agasiva must have "knowingly . . . attempt[ed] to cause physical injury to another person . . . by means of a dangerous instrument." The court gave an instruction on the lesser included offense of assault in the third degree, explaining that the difference between second and third degree assault is whether a dangerous instrument was used. The court stated that a person acts "knowingly" when "he is aware of the act and does not act through ignorance, mistake, or accident."

The jury found Agasiva guilty of criminal trespass, the lesser included offense in count one, and guilty of assault in the second degree on count two. Agasiva filed a motion for a new trial, contending that, *inter alia,* his proposed instruction on assault in the third degree should have been given and that sufficient evidence did not support the conviction. The court denied the motion, ruling that defendant's proposed instruction on assault in the third degree was unwarranted by the evidence and that the jury had sufficient evidence to support its verdict.

## Discussion

### I. Jury Instruction on Assault in the Second Degree

Agasiva argues for the first time on appeal that the Trial Division's instruction on assault in the second degree was inadequate. He contends that the court improperly defined the crime charged in the information, failed to instruct on the requisite mental state, and did not make clear that the mental state applies to both elements of the crime.

Although given the opportunity at trial, Agasiva did not object to the instruction on assault in the second degree, nor raise it as an issue in his motion for a new trial. Thus, the instruction cannot be reviewed unless it falls under the plain error exception.

Rule 30 of Rules of Criminal Procedure, entitled "Instructions," states that "[n]o party may assign as error any portion of the charge or omission

therefrom unless he objects thereto before the jury retires to consider its verdict . . . ." Plainly read, this section would foreclose appellate review of an error in the jury instructions where no objection has been made. However, T.C.R.Cr.P. 52(b) countermands that reading because it states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

■ Prior to 2002, Federal Rule of Criminal Procedure 30, which contains language identical to T.C.R.Cr.P. 30, "could be read literally to bar any review of . . . error. . . ." *Jones v. United States*, 527 U.S. 373, 388 (1999). The U.S. Supreme Court ruled that Rule 30 "is mitigated, however, by Rule 52(b), which allows plain errors affecting substantial rights to be noticed even though there was no objection." *Johnson v. United States*, 520 U.S. 461, 466 (1997).[1] Similarly, we conclude that T.C.R.Cr.P. 52(b) tempers the apparent categorical preclusion of review found in T.C.R.Cr.P. 30 by providing for limited review of errors not timely brought to the attention of the trial court.

■ Under T.C.R.Cr.P. 52(b), there must be (1) "errors or defects," (2) that are "plain," and (3) that "affect . . . substantial rights." *See also Johnson*, 520 U.S. at 466-67 (discussing review under Fed. R. Crim. P. 52(b)). The presence of "or" in "errors or defects" does not create two separate categories; the inquiry is solely for error. *See United States v. Olano*, 507 U.S. 725, 732 (1993). "Plain" is "synonymous with 'clear' or, equivalently, 'obvious.'" *Id.* at 734 (citation omitted). And substantial rights are affected where the defendant can show prejudice, meaning that the outcome would have been different. *Id.* Where the criteria are met, an appellate court should choose to notice the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (alteration and citation omitted). With this framework in mind, we turn to the merits.

■ Under A.S.C.A. § 46.3521(a)(1), a person commits the crime of second degree assault if "he knowingly causes or attempts to cause physical injury to another person by means of a deadly weapon or dangerous instrument." The crime can be committed in two ways: by knowingly causing physical injury or by attempting to cause physical injury. A person acts with knowledge if he is aware of his conduct, the circumstances or the likely result. A.S.C.A. §§ 46.3202(c)(1), (2). But

---

[1] In light of the Supreme Court's language in *Jones*, Federal Rule of Criminal Procedure 30 was amended to state that appellate review exists "as permitted under Rule 52(b)." Fed. R. Crim. P. 30(d) (2002) advisory committee's note ("As the Supreme Court recognized in *Jones*[,] read literally, current Rule 30 could be construed to bar any appellate review absent a timely objection when in fact a court may conduct limited review under a plain error standard.").

to attempt to commit a crime, the person must take a step toward commission of the crime and have the more culpable mental state of acting with the purpose of committing the offense. A.S.C.A. § 46.3401(a).

Since Agasiva was charged in the information with attempting to cause physical injury to the victim by means of a dangerous instrument, the government was obligated to prove that it was his purpose to cause physical injury. Moreover, the government also needed to prove that it was his purpose to cause the injury by means of the bamboo stick. The jury was then to decide whether the bamboo stick was readily capable of causing death or serious physical injury under the circumstances in which it was used. A.S.C.A. § 46.3111(7).

 The court erred in instructing the jury on the government's burden because it defined the offense as "knowingly . . . attempts to cause physical injury," without defining attempt or explaining that the more culpable mental state of acting purposely applies. However, the error was harmless in this case. The result of the trial would have been the same if the jury had been given the correct instruction. Because the evidence showed that Agasiva took the bamboo stick from the victim and swung it at her four times hard enough to open minor cuts, the error in instructing the jury on attempt did not affect his substantial rights. The evidence was overwhelming that Agasiva had the purpose of causing the victim physical injury, which is to say physical pain, *see* A.S.C.A. § 46.3111(19), by means of the bamboo stick.[2]

## II. Jury Instruction on Assault in the Third Degree

Agasiva argues that the Trial Division erred by not instructing the jury on the four additional definitions of the lesser included offense of assault in the third degree. He contends that the evidence supported an instruction that he recklessly caused physical injury, that he recklessly used the bamboo stick in a manner that could cause serious physical injury, that he intended to merely instill fear of physical injury in the victim, and that he knowingly caused offensive, not injurious, contact.

---

[2] Appellant's citation to *United States v. Hove,* 52 F.3d 233, 236 (9th Cir. 1995), for the proposition that failing to instruct on an element of the offense can never be harmless error, is misplaced. *See United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1197 (9th Cir. 2000) (en banc) ("The district court's failure to instruct the jury on the intent element of the offense was harmless error if we conclude that it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" (quoting *Neder v. United States,* 527 U.S. 1, 18 (1999))).

Where a party objects to or proposes an instruction that is not given, the [trial] court's formulation of instructions is reviewed for an abuse of discretion. *United States v. Franklin*, 321 F.3d 1231, 1240-41 (9th Cir. 2003). The refusal to instruct on a lesser included offense is reviewed *de novo*. *United States v. Technic Serv,, Inc.*, 314 F.3d 1031, 1038 (9th Cir. 2002).

The second set of instructions dealt with the elements of assault in the third degree as a lesser included offense. The court is obligated to instruct on lesser included offenses if they are supported by the evidence. A.S.C.A. § 46.3108(a). But the court may choose not to give the instruction where there is no basis for acquitting the defendant on the offense charged and convicting him on the included offenses. A.S.C.A. § 46.3108(b).

The trial court refused to give the instruction, holding that the evidence, if believed, was that the defendant intentionally struck the child at least four times with the bamboo stick. The court ruled that there was no evidence of a reckless or criminally negligent mental state, and that the evidence showed that Agasiva went substantially beyond placing the victim in apprehension or knowingly causing offensive contact. We conclude that, while giving an instruction on a lesser included offense is favored where the record would support a verdict of guilt on that offense, there was no error in this case in denying the request.

## III. Sufficiency of the Evidence

Agasiva contends that the government did not prove that he took a substantial step toward using the bamboo stick as a dangerous instrument because he never aimed it at a vital part of her body, he did not use excessive force and he voluntarily stopped striking her.

Sufficient evidence exists if, viewing the evidence in a light most favorable to the government, and drawing all reasonable inferences in favor of the jury's verdict, a reasonable jury could have found all elements of the offense beyond a reasonable doubt. *American Samoa Gov't v. Tauala*, 25 A.S.R.2d 179, 180 (Trial Div. 1994); *see also United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003). A dangerous instrument is an instrument that is readily capable of causing death or serious physical injury. A.S.C.A. § 46.3111(7). A serious physical injury, in turn, is one that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of a bodily member or organ. A.S.C.A. § 46.3111(24).

Here, there was sufficient evidence to go to the jury on assault in the second degree.

12

## IV. Ineffective Assistance of Counsel

Agasiva alleges that he received ineffective assistance of counsel because his attorney failed to certify and properly introduce the EMT's report. He contends that the excluded medical report would have shown that the victim's injuries were minimal and that he did not strike her four times with the bamboo stick. The report was correctly excluded because no foundation had been laid for its offer, and it was irrelevant as proof of the number of blows struck.

Claims of ineffective assistance of counsel are reviewed *de novo*. *United States v. Alaimalo,* 313 F.3d 1188, 1191 (9th Cir. 2002). However, such claims are generally more appropriate for collateral review because the record will be fully developed as to "what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Ross,* 206 F.3d 896, 900 (9th Cir. 2000) (quoting *United States v. Pope,* 841 F.2d 954, 958 (9th Cir. 1988)). The two exceptions are where the record is sufficiently developed to permit review and counsel's assistance was so inadequate as to obviously deny a defendant his constitutional right. *Id.*

To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's activities were outside the wide range of professionally competent assistance, and (2) that the defendant suffered prejudice. *Strickland v. Washington,* 466 U.S. 668, 687-90 (1984). Prejudice exists where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, the record is not sufficiently developed to determine whether counsel inadvertently failed to establish the document's foundation, as Agasiva suggests, or whether counsel concluded that more harm than good would have come from calling the EMT to testify about the validity of the report. Because we cannot say, on this record, that counsel's performance was inadequate, Agasiva's assignment of error for ineffective assistance of counsel is rejected. The rejection is without prejudice if the claim is renewed in subsequent post-conviction proceedings.

13

## Conclusion

The Trial Division's error in instructing the jury on the requisite mental state to commit assault in the second degree did not affect Agasiva's substantial rights. The limited instruction on the lesser included offense was justified, and the verdict was supported by sufficient evidence. The record is not sufficiently developed to conclude that defendant received ineffective assistance of counsel. Accordingly, we AFFIRM.

It is so ordered.